ALICE B. PACKARD V. AUGUSTUS PACKARD.

ACTION by *Alice B. Packard* against *Augustus Packard*, for divorce and alimony. Trial on March 10 and 11, at the February Term, 1884, the plaintiff appearing in person and by S. A. Burroughs, James Humphrey, and J. W. D. Pierce, her attorneys; and the defendant appearing in person and by Stambaugh & Hurd, and McClure & Austin, his attorneys. The court granted the wife a divorce as prayed for, and awarded her the custody of her four children; but then made no order and rendered no judgment specifying the amount of money which the defendant would be required to pay for the support of the wife and children. Thereupon all the counsel aforesaid, in accordance with the suggestion of the court, agreed that the journal entry in the case should be settled at Junction City, Davis county, on March 21, 1884, and filed in the court at Dickinson county, as of March 11, 1884. The court then, on the day aforesaid, adjourned *sine die.* On March 21, 1884, the plaintiff, by her attorneys, J. W. D. Pierce and James Humphrey, and the defendant in person, and by G. W. Hurd and McClure & Austin, appeared before Hon. M. B. Nicholson, the district judge, at Junction City, and the journal entry in this cause was then and there settled and signed by said judge.

The case-made herein recites that—

"On the 20th of May, 1884, at the regular May term of said court, it appearing to the court that said journal entry was still in the possession of said S. A. Burroughs, it was by the court ordered that the journal entry be returned to the clerk of the court and filed as of the 11th day of March, 1884, and recorded on the journal of the February term of the court; to which order the plaintiff by her attorney, G. F. Grattan, who made no appearance in said cause until after the rendition of said decree, duly objected and excepted, and filed her motion in objection to said journal entry being filed and spread on the records."

This motion the court overruled, and thereupon the journal

entry was recorded as aforesaid. The record further states that—

"Thereafter, on May 20, 1884, the plaintiff filed a motion to vacate said alleged judgment; and thereafter, on May 26th, 1884, plaintiff present in person and by G. F. Grattan, her attorney, and the defendant present by his attorneys, Stambaugh & Hurd and J. R. McClure, the motion came on for hearing, supported by affidavit and arguments of counsel; and the court, after being fully advised in the premises, overruled said motion to vacate and annul said judgment; to each and all of which rulings plaintiff duly excepted in all particulars. And thereupon, on May 26, 1884, in open court, parties all present, plaintiff filed a second motion to vacate the alleged decree of alimony in favor of plaintiff; and the court, after being fully advised in the premises, overruled said second motion; to each and all of which the plaintiff duly excepted. And thereupon, in open court, on May 26, 1884, parties all present, plaintiff filed a motion for the court to order the defendant to pay temporary alimony and said money pending litigation in the supreme court, and supported the same by affidavit; and the court, after being fully advised in the premises, overruled said motion; and to each and every part of such ruling and decision plaintiff duly excepted."

The plaintiff brings the case to this court.

*G. F. Grattan*, for plaintiff in error.

*Stambaugh & Hurd*, and *McClure & Austin*, for defendant in error.

*Per Curiam:* Action for divorce and alimony. The record shows that this case was tried at the February term of the court for 1884. Both parties were represented by their respective attorneys. After all the evidence had been submitted on the part of the plaintiff and defendant, the court rendered its decree, granting the wife a divorce as prayed for in her petition, and also awarded her the custody of all her children, four in number. No order or judgment, however, was rendered specifying the amount of money the defendant would be required to pay for the support of the wife and children. The court then adjourned *sine die* on March 11, 1884. Before

adjourning, "the judge of the court stated that if it would be convenient for counsel, it would be an accommodation to him to have the journal entry settled at Junction City, Davis county, Kansas, the following week." And thereupon, all of the counsel agreed that the journal entry in the case should be settled at Junction City on March 21, 1884, and filed in the court at Dickinson county as of March 11, 1884. Thereafter, on March 21, 1884, the plaintiff by her attorneys, and the defendant in person and by his attorneys, appeared before the district judge at Junction City, and then agreed upon a journal entry, which was afterward signed by the judge. This journal entry provided that the defendant should pay to the wife for the support and maintenance of the minor children, so long as she should have the care and custody of them, one hundred and fifty dollars per annum for each of the children; and that defendant should pay to the wife as alimony the sum of two hundred dollars per annum, which payment should continue to the wife for her life, unless she should marry again; in which case the alimony to her was to cease from the date of the marriage.

As these orders were not made or rendered during the. February term of the district court of Dickinson county, such orders and judgment were improperly embraced in the journal entry. If these orders and judgment were rendered at Junction City, then within the authority of *Earls v. Earls,* 27 Kas. 538, they are void and of no effect. If they were not made and rendered at Junction City, they were never made or rendered at any other place. Before the journal entry was spread upon the records of the district court of Dickinson county, the plaintiff objected thereto in proper form. All of the objections of plaintiff were overruled. Instead of overruling the objections, the court should have stricken from the journal entry the orders relating to the sums awarded the wife as alimony, and also awarded her for the support and maintenance of the children, as these orders and judgment were not rendered upon the trial of the case, or during the session of any term of court. Our conclusion therefore is, that so much of the journal entry

Packard v. Packard.

as regards granting the wife the divorce, as prayed for in the petition, and that awards her the custody of all her children, is valid, and must stand as the judgment of the district court; but so much of the decree as allows specific sums for alimony for the wife and for the support of the children, must be set aside, vacated, and held for naught.

As the question of alimony will again be before the trial court for decision, we deem it proper to say, that if the defendant is a person of large property, as indicated in the brief of plaintiff, the money allowed the wife as alimony is wholly inadequate. Even if the husband is a man of moderate means, the wife ought to receive a much greater allowance than the amount embraced in the journal entry. As the divorce to the wife was granted by reason of the fault and aggression of the husband, the wife should be allowed such alimony as would maintain her and her children in as good a condition as if she were still living with her husband.

In deciding this case, we have considered the "case-made" only, and have wholly disregarded the affidavits filed. It is also proper for us to say that in setting aside and vacating the judgment for alimony, and for the support of the children, we do not reflect upon the action of the district judge at Junction City in any manner whatever, because all of the proceedings had at Junction City were by and with the consent of the attorneys of plaintiff and the defendant and his attorneys; but consent of parties does not confer jurisdiction under the circumstances stated, and therefore the judgment for alimony, and for the support of the children, is void. The acceptance by the plaintiff of two hundred dollars, and the payment to her attorneys of sixty dollars, do not affect the case, because such payments cannot render a void judgment valid or binding.

The judgment allowing specific sums for alimony, and providing for the support of the children, must be vacated, and the cause remanded for a new trial as to these matters.