THE LEAVENWORTH COAL COMPANY V. ALLEN BARBER *et al.*

1. FRACTIONS OF A DAY — *Judicial Notice.* Where it is necessary to justice, and it can be done, the courts may take notice of the fractions of a day; and the precise time when an act is done may be shown.

2. STATUTE — *Taking Effect.* Where a statute provides that it shall take effect "from and after its publication," in computing the time when it takes effect, the day of its publication is to be included; but the precise time of its publication, or taking effect, may be shown, where an act is done on the same day of its publication, if the hour of publication affects such act in any way.

3. APPEAL, *When not Taken — Statute.* No appeal or proceeding in error can be had or taken from and after the publication of chapter 245, Laws of 1889, made on the 20th of March, 1889, to the supreme court in any civil action, unless the amount or value in controversy, exclusive of costs, exceeds $100, except in cases involving the tax or revenue laws, or the title to real estate, or damages for slander, libel, malicious prosecution, or false imprisonment, or the constitution of this state, or the constitution, laws or treaties of the United States, and when in such a case the judge of the district or superior court trying the case involving less than $100 shall certify to the supreme court that the case is one belonging to the excepted classes. (Civil Code, §542a, Gen. Stat. of 1889, ¶4642.)

4. VESTED RIGHTS — *Valid Statute.* A party who has been defeated in a civil action in the district court has no vested right to an appeal or to the prosecution of proceedings in error in the supreme court to review the rulings or judgment of the district court before he has filed his appeal or proceedings in the supreme court; and an act of

the legislature taking away the privilege of appeal or the permission to prosecute proceedings in error before the appeal or petition in error is filed, is valid and constitutional.

*Error from Leavenworth District Court.*

THE opinion states the case.

*T. A. Hurd,* for plaintiff in error.

*W. W. Black,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 2d day of February, 1889, Allen Barber and Frank Seichpine recovered a judgment against the Leavenworth Coal Company for $65 and costs, taxed at $72.20. The coal company excepted to the judgment, and on February 20, 1889, the case-made was duly settled and signed by Hon. Robert Crozier, judge of the district court of Leavenworth county. On the 20th of March, 1889, the coal company filed a petition in error in this court, and also a præcipe directing the issuance of a summons thereon.

A motion has been submitted by the plaintiffs below to dismiss the proceedings in error, under the provisions of chapter 245, Laws of 1889. (Civil Code, § 542*a;* Gen. Stat. of 1889, ¶ 4642.) Chapter 245 was approved on March 2, 1889. Section 2 provides that "This act shall take effect and be in force from and after its publication in the official state paper." The act was published in the official state paper on the 20th of March, 1889, the same day as that upon which the petition in error and præcipe were filed in this court. The question therefore arises, whether the day of the publication is included or excluded, as the act provides that it shall take effect "from and after its publication." And also, the further question arises, if the day of publication is to be included, not excluded, at what precise time on the 20th of March, 1889, did chapter 245 go into force. Undoubtedly the great weight of authority is to the effect that a statute which is to take effect "from and after its passage" takes effect upon the day of its passage. (*Arnold v. United States,* 9 Cranch, 104; *Matthews v. Zane,* 7

Wheat. 164, 211; *Mallory v. Hiles*, 4 Metc. (Ky.) 53; *People v. Clark*, 1 Cal. 406.) The reason usually assigned for this is, that it is in accordance with the general rule that when a computation of time is to be made from an act done, the day on which the act is done is to be included. (*Arnold v. United States*, supra; *Mallory v. Hiles*, supra.)

In *Dougherty v. Porter*, 18 Kas. 206, Mr. Justice BREWER approvingly cited *Soldiers' Voting Bill*, 45 N. H. 618, where it is held "that in the computation of time from a date, or from the day of a date, the day of the date is to be excluded; but that where a computation is to be made from an act done, or from the time of an act, the day in which the act is done is to be included." To like effect are the cases of *Jacobs v. Graham*, 1 Blackf. 391, and *Chiles v. Smith's Heirs*, 13 B. Mon. 461. In the latter case the court says:

"It was decided by this court in the case of *Woods v. Patrick*, Hardin, 457, that in calculating the 30 days which were required by the statute to intervene between the lodging of the order and the commencement of the next term, to entitle the party to a change of venue, the day of depositing the order should be included. So, where process is required to be served a certain number of days before the term, the day on which the process was executed is reckoned as one of the days in the computation of the time."

Applying this rule, and the day of filing the reply and joining the issues, the day of an act done will be included. The authorities which rule that, where a statute provides it shall take effect "from and after its passage," or "from and after its publication," the date of its passage or publication is to be excluded, assent to the doctrine that a day is to deemed an indivisible point of time, and therefore that the fractions of a day must be disregarded. Under these authorities, the words, "from and after its passage," or "from and after its publication," are words of exclusion, and this construction is largely given to the word "from" so as to avoid the old, harsh rule that a statute taking effect on the day of its passage or publication is to be deemed in force from the earliest moment of that day. These authorities also hold, that there is usually

no satisfactory means of ascertaining the exact hour of the passage or publication of the statute; hence, that it is public policy to hold that a statute shall not go into operation until the day after its passage or publication. (*Parkinson v. Bradenburg*, 35 Minn. 294.)

We are not in sympathy with the decisions ruling that courts of justice must not take cognizance of the fractions of a day. Lord Mansfield said:

"But though the law does not in general allow of the fractions of a day, yet it admits it in cases where it is necessary to distinguish. And I do not see why the very hour of the day may not be so too, when it is necessary and can be done; for it is not like a mathematical point which cannot be divided."

In *Louisville v. Savings Bank*, 104 U. S. 469, Mr. Justice Harlan, speaking for the court, uses the following language:

"In view of the authorities, it cannot be doubted that the courts may, when substantial justice requires it, ascertain the precise hour when a statute took effect by the approval of the executive. In determining when a statute took effect, no account is taken of the time it received the sanction of the two branches of the legislative department, which sanction is as essential to the validity of the statute as the approval of the executive. We look to the final act of approval by the executive to find when the statute took effect, and, when necessary, inquire as to the hour of the day when that approval was, in fact, given."

Sutherland on Statutory Construction says:

"The law takes notice of fractions of a day when necessary. The general principle declared by Lord Mansfield is believed to be sound, and established by the weight of authority, that, where it is necessary to justice and it can be done, the law takes notice of the parts of a day; then the precise time when an act is done may be shown. This necessity exists when an act is done on the same day that a legislative act is passed, if that statute, being passed, afterward should not affect such act, or, being passed before, should do so." (§ 110, p. 133.)

In this case, the evidence clearly shows that said chapter 245 was published at 6 o'clock A. M. on the 20th of March, 1889. Therefore, following the great weight of authority

and the better reason, and taking notice of the fractions of a day, said chapter 245 went into operation "from its publication"—that is, from and after 6 o'clock A. M. of the 20th of March, 1889. The petition in error and præcipe were not filed until a much later hour during that day. They were not, in fact, filed until several hours after the publication of said chapter 245. That statute, therefore, was in full force at the time of the commencement of the proceedings in this court. As the amount in value in controversy in this action, exclusive of costs, is $65 only, the proceedings in error cannot be retained in this court.

Defendant below had no vested right for an appeal or proceeding in error prior to the commencement thereof in this court. The appeal or proceeding in error was not had or taken until after chapter 245, Laws of 1889, was in force. Therefore, the proceeding in error in this case was filed too late to give this court any jurisdiction under the provisions of said § 542a (Laws of 1889, ch. 245) of the civil code. This proceeding does not come within any of the excepted cases of said chapter 245.

The proceedings must be dismissed at the cost of the plaintiff in error.

All the Justices concurring.