H. T. DODSON, *as Sheriff of Butler county*, v. R. H. COOPER.

1. FRAUDULENT CONVEYANCE—*Insolvency of Debtor.* In an action to determine whether a sale made by a debtor to another of all his property was honest or for the purpose of defrauding creditors, the insolvency of the debtor is an important element of proof which should be considered by the jury in determining the question.

2. FRAUD—*Evidence.* Where the sale is made for considerably less than the actual value, it is such evidence of fraud as requires explanation, and may, when coupled with other facts, be controlling proof of dishonesty and fraud.

3. ———— *Question for Jury.* Whether or not there is such disparity between the real value of the property and the consideration paid as to justify an inference of fraud, is for the jury to determine.

*Error from Cowley District Court.*

ACTION by *Cooper* against *Dodson,* as sheriff of Butler county, to recover damages for the alleged wrongful conversion of a stock of goods. The material facts of the case are substantially disclosed in *Dodson v. Cooper,* 37 Kas. 346, *et seq.* After the judgment of the court below was reversed, and a new trial ordered, a change of venue herein was taken to Cowley county, because the judge of the district court of Butler county had been of counsel in the case. At the September term, 1889, there was a judgment for plaintiff for $5,900. The defendant brings error.

*Redden & Schumacher,* and *Mills, Smith & Hobbs,* for plaintiff in error:

The 20th instruction [contained in the opinion], under the facts in this case, was misleading, and stated the law too broadly. The insolvency of the vendor is a circumstance to be considered in passing upon the question of fraud. Wait, Fraud. Convey., §§ 231, 239. See, also, *In re Alexander,* 4 N. B. R. 181.

The 21st instruction [copied in the opinion] is contrary to almost every respectable authority bearing upon the point.

*Davidson v. Little,* 22 Pa. St. 252. The following authorities show the instruction to be clear error: *Dougten v. Gray,* 10 N. J. Eq. 330; *Shelton v. Church,* 38 Conn. 420; *Bartles v. Gibson,* 17 Fed. Rep. 297; *Brown v. Hedge Co.,* 64 Tex. 400; *Auction and Commission Co. v. Mason,* 16 Mo. App. 477; *Rhoads v. Blatt,* 84 Pa. St. 31; *Wilson v. Jordan,* 3 Woods, 642; *Smith v. Boyer,* 45 N. W. Rep. 265; *Davis v. McCarthy,* 40 Kas. 19; *Crambaugh v. Koogler,* 2 Ohio St. 374; *Strubaugh v. Anderson,* 26 Pac. Rep. 1045; Thomp. Trials, § 2016.

*Leland & Harris,* for defendant in error:

Generally, as to the instructions: We contend that in view of the law as laid down by the court in the instructions as a whole the defendant has no cause to complain. The charge taken as a whole fully and fairly states the law applicable to the facts of the case. *Salt Works v. Wemyss,* 38 Kas. 483; *A. T. & S. F. Rld. Co. v. Sly,* 41 id. 729, 736; *The State v. Dickson,* 6 id. 209; *Cain v. Wallace,* 46 id. 139; *Kansas City v. Bradbury,* 45 id. 381; *Getto v. Friend,* 46 id. 24.

The opinion of the court was delivered by

JOHNSTON, J.: In this action R. H. Cooper seeks to recover $10,000 as damages from H. T. Dodson, for the alleged wrongful conversion of a stock of goods. Cooper claims to have purchased the goods from Horace Blakely on the night of December 25, 1884, and they were seized by Dodson, as sheriff, on December 27, 1884, upon attachments, at the instance of Blakely's creditors, and as Blakely's property. This is the second time the case has been here, and the nature of the transaction and the facts of the case were quite fully disclosed in the first consideration of the case. (37 Kas. 346.)

It is claimed by Dodson that the sale was made in bad faith, and for the purpose of defrauding the creditors of Blakely. To sustain this claim, testimony was offered tending to show that Blakely was insolvent; that the sale was made in the night-time, without an inventory, to a person who was unac-

quainted with the business, or the value of the stock of goods; that Blakely accepted land as a part consideration, which he had not seen, and that one tract offered by Cooper in payment was shown to Blakeley in the night-time. Dodson further attempted to show that the consideration claimed to have been paid was very inadequate, and that even the cash payment claimed to have been paid on the sale was turned over to the relatives of Blakely, instead of to his creditors. Cooper offered testimony tending to show that the sale was made in good faith, and without any intention to defraud anyone, or to delay the creditors of Blakely in the collection of their debts. The honesty of the sale was the main question in the case for decision, and while the jury sustained the *bona fides* of the transaction it is contended by Dodson that the result was reached through the misdirection of the jury. He asserts that the insolvency of Blakely and the inadequacy of the consideration claimed to have been paid for the goods, both of which were calculated to throw suspicion on the transaction, and were elements for the consideration of the jury, were taken out of the case by the instruction of the court. The following instructions were embraced in the charge of the court:

"A person, though insolvent or in failing circumstances, had a right to sell the whole of his property, or any portion thereof, if done in good faith, and without any purpose or intention to thereby cheat or defraud his creditors, or hinder or delay them in the collection of their debts. And in order to make a valid sale as against his creditors, it is not necessary that such sale should be for money only, or for all cash down, but it may be made in exchange for other property, or partly for money and partly in exchange for other property, or partly on credit, and still be valid; it may be unwise as a business transaction, and still be a valid transfer as to creditors; nor does the fact of insolvency of the seller, or that he is in failing circumstances, raise any presumption of an intention on the part of such seller to cheat or defraud or hinder or delay his creditors in the collection of their debts.

"Every person, whether he has experience as a merchant or not, has the lawful right to buy or trade for a stock of goods, and may buy or trade for such stock from a person whom he knows to be insolvent, or in failing circumstances;

and in so doing he may make the best bargain he can for his own interests, provided he does so in good faith, without intent to aid the seller to cheat or defraud his creditors, or hinder or delay them in the collection of their debts, and without knowledge of any intent to defraud creditors by means of the sale on the part of the seller; or, if such intent existed on the part of the seller, then without knowledge of facts or circumstances which would lead a reasonably prudent man to make inquiry into the purpose and intention of the seller in making such sale; and the fact that the value of the consideration paid or exchanged is considerably less than the value of the goods purchased or traded for is not, of itself, sufficient to raise the presumption that the seller thereby intended to cheat or defraud his creditors, or hinder or delay them in the collection of their demands, or that the purchaser intended to aid him to do so, or had knowledge of such intent."

The correctness of these instructions was challenged by an objection made at the time the charge was given. It was overruled, however, and the giving of these is the principal error complained of. There is good reason for the complaint made against these instructions in respect to insolvency and the inadequacy of the consideration paid. Whatever may be the actual fact as to the honesty of the sale, it was charged to be fraudulent, and evidence tending to sustain the charge was offered. It is not often that fraud can be shown by direct evidence, and hence the suspicious circumstances developed by the testimony which tend to show a fraudulent purpose should be properly submitted to and considered by the jury. The law recognizes certain circumstances and conduct as marks of fraud, and whether those relied on in this case were of much or little consequence was a question for the jury themselves. Insolvency is an element of proof entitled to consideration in canvassing the badges of fraud in order to determine the honesty of the transaction. Proof of insolvency does not necessarily establish fraud, but a sale of all his property by one insolvent is a circumstance which, in connection with others, may be sufficient to awaken suspicion and create a presumption of a fraudulent design. So, too, in respect to the inadequacy of

1. Fraudulent conveyance— insolvency of debtor.

consideration. It cannot always be held to be a fraud as a matter of law, but where a sale is made for much less than the actual value it is such an indication of fraudulent intention as requires explanation.

**2. Fraud—evidence.**

If the inadequacy was slight, it would only be weak evidence, but, if it was considerable, it might, when coupled with other facts, be controlling proof of dishonesty and fraud. Whether or not there is such a disparity between the real value and the consideration paid as to justify an inference of fraud, is for the jury to determine.

**3. Question for jury.**

But the ruling of the court in practically eliminating this element from the case, as well as the insolvency of the debtor, cannot be upheld. (*Lewis v. Hughs*, 49 Kas. 23; same case, 30 Pac. Rep. 177; *Davidson v. Little*, 22 Pa. St. 245; *Shelton v. Church*, 38 Conn. 416; *Bartles v. Gibson*, 17 Fed. Rep. 293; *Commission Co. v. Mason*, 16 Mo. App. 473; *Brown v. Hedge Co.*, 64 Tex. 396; *Rhoads v. Blatt*, 84 Pa. St. 31; *Fisher v. Shelver*, 53 Wis. 493; *Wilson v. Jordan,* 3 Woods, 642; *In re Alexander*, 4 N. B. R. 181; Wait, Fraud. Convey., §§ 231, 239, and cases there cited.)

By the charge of the court, the fact that the consideration was considerably less than the actual value was treated by the court as of little or no consequence, and that insolvency was a matter of no importance in determining the fairness and good faith of the parties to the transaction. The defendant in error does not contend that the instructions are correct, but he argues that other portions of the charge are such as to eliminate the error from these. We find nothing, however, which, cures the vice in the instructions quoted, nor which would justify us in holding the error harmless. There are some facts and circumstances calculated to excite suspicion as to the fairness and honesty of the sale. Other facts in the case may be sufficient, however, to show that they are not inconsistent with honesty and fair dealing; but all important elements of proof should be fairly submitted to the jury and given proper weight.

We are unable to say that the error in the instructions did

not mislead the jury, and hence there must be a reversal of the judgment and a new trial of the cause.

All the Justices concurring.