MAHILDA A. DUVALL v. WILLIAM SIMPSON *et al.*

MISTAKE IN DEED, *Limitation of Action to Correct.* While the lapse of time will bar equitable relief against a mistake made in describing land intended to be conveyed, the period of limitation will not begin to run until the discovery of the mistake, or until the time at which, by the exercise of reasonable diligence, it might have been discovered.

*Error from Norton District Court.*

ACTION by *Mahilda A. Duvall* against *William Simpson* and *Emma Simpson*, his wife, to correct a mutual mistake in a

deed. From a judgment sustaining a demurrer to the petition, plaintiff brings error.

*L. H. Thompson,* for plaintiff in error:

This is clearly an equitable action, under the allegations of the petition. It is brought for the express purpose of reforming a deed and correcting a mutual mistake, and we hold that, so long as no intervening purchasers are brought in, the statute of limitation does not apply. This question was squarely passed upon in the case of *National Bank v. Wentworth,* 28 Kas. 183.

There can be no disputing the fact that, under the allegations of plaintiff's petition, she has a right to recover, if the cause is not barred by the statute of limitation. See *Earnshaw v. Crout,* 23 Kas. 560; *Conaway v. Gore,* 24 id. 389; Kerr, Fraud & M., p. 405.

The only question, we think, for the court to pass upon is the question of limitation. It was the only reason given by the court below.

*John R. Hamilton,* for defendant in error:

The deed itself is conclusive as to the amount of land defendants intended to convey, and that the plaintiff knew she was receiving. It was described by metes and bounds, and they each knew the length and the breadth thereof, and, by the use of their pencil, plaintiff or her agent could have told the area thereof. The description in the deed will govern. *Armstrong v. Brownfield,* 32 Kas. 116; 3 Washb. Real Prop., 4th ed., § 39, p. 402; *Drew v. Swift,* 46 N. Y. 209. See, also, *Ward v. Crotty,* 4 Metc. 103; Busw. Lim., § 174; Wood, Lim., p. 264, note.

This is not an action to recover real property; hence it does not come under the provisions of the statute of limitations in reference to real property. *Walker v. Boh,* 32 Kas. 354; *Main v. Payne,* 17 id. 609.

The statute of limitation commenced to run at the time of the delivery of the first deed. There is no fraud alleged;

hence it does not run from the time of the discovery.    It comes under the sixth subdivision of § 18, statute of limitations.

The opinion of the court was delivered by

JOHNSTON, J.: The purpose of this action was to rectify a mutual mistake in describing lands in a deed of conveyance which had been purchased by plaintiff from defendants.    The averments of the petition are to the effect that, according to the understanding and agreement of the parties, a much larger quantity of land was purchased than was described in the conveyance.    The purchase was made and the conveyance executed on December 4, 1884, and the plaintiff alleged that she supposed and believed that she had received a conveyance of the quantity of land agreed upon and intended to be·conveyed, until about April 1, 1887, when the mistake was discovered.    Soon thereafter, and within a reasonable time, she notified defendants of the mistake in the description, and demanded that the conveyance should be rectified in accordance with the mutual understanding and agreement of the parties, but the demand has not been acceded to by defendants.    The legal title to the land intended to be conveyed, and not included in the conveyance, has remained in the defendants, so that the rights of third parties have not intervened and would not be affected by a correction of the alleged mistake.    This action was begun on January 24, 1890, and, upon demurrer to the averments of the petition, the court held that the plaintiff was not entitled to the relief sought.

It is contended that the lapse of time is a bar to the correction of the conveyance.    And it is said that this was the ground upon which the district court rested its decision.    It is claimed that the five years' statute of limitations applies in a case of this character, and that, as five years and one month elapsed from the execution of the instrument until the bringing of the action, the court was justified in refusing the relief. If that statute was applicable and began to run when the instrument was executed, the claim would be well founded; but

in cases of fraud or mistake, the statute begins to run from the time of the discovery of the fraud or mistake and not before, or from the time at which, by the exercise of reasonable diligence, it might have been discovered. The discovery in this case was made less than three years before the beginning of the action, and we cannot hold that there was such *laches* or negligence in instituting the suit as would warrant a court of equity in refusing the relief sought. It is insisted that by the exercise of ordinary diligence the plaintiff could have known the quantity of land described, and that her negligence in this respect should defeat her action. The description was by metes and bounds, and, being somewhat long, a mistake could easily be made. In *National Bank v. Wentworth*, 28 Kas. 188, it is said that the most careful men make mistakes, and that oftentimes those mistakes are not discovered for years. In such case, if application is made immediately upon discovery of the mistake, and it is shown that it is simply a mistake, and no rights of third parties are prejudiced, then it is the duty of courts to intervene and correct the mistake. And it matters not through how many papers or in how many proceedings the mistake has been carried and appears. See, also, *Macintosh v. Saunders*, 68 Ill. 128; *Harrold Bros. v. Weaver*, 72 Ala. 373; 2 Story, Eq. Jur., § 1521; Busw. Lim., § 174.

According to the allegations of the petition, the description written in the deed was an unintentional mistake which was shared by both parties to the transaction. No one else can be prejudiced by correcting the mistake and carrying out the intention of the parties. We think it is shown that there was no such negligence or *laches* on the part of plaintiff as will defeat a rectification of the deed of conveyance. The judgment will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.