ALICE B. PACKARD v. AUGUSTUS PACKARD.

No. 7734.

RECORD—*Amendment of Journal Entry—Appeal, Dismissed.* Where, on a motion to correct a journal entry so as to include, as and for alimony, certain lands alleged to have been erroneously omitted therefrom, and the amount or value in controversy does not in any way appear in the proceeding in error in this court, and there is no certificate of the judge showing that the case belongs to one of the excepted classes mentioned in section 542*a* of the code (¶ 4642, Gen. Stat. 1889), the case must be dismissed.

*Error from Dickinson District Court.*

ACTION by Alice B. Packard against Augustus Packard for divorce. From an order overruling a motion

to correct a journal entry plaintiff brings error.    The
opinion states the case.

*John W. Day*, and *Francis C. Downey*, for plaintiff
in error.

*Stambaugh & Hurd*, for defendant in error.

The opinion of the court was delivered by

MARTIN, C. J. : At February term, 1884, the plain-
tiff in error obtained a decree of divorce, for the
custody of children, and for alimony, against the
defendant in error.    This court affirmed the judg-
ment as to the divorce and the custody of children,
but reversed it as to alimony, and remanded the case
for a new trial on the question of alimony alone.    (34
Kan. 53.)    At an adjournment of February term,
1886, and on April 2 of that year, the case was
again tried, and certain lands were set apart to the
plaintiff as and for alimony.    Nothing further ap-
pears to have been done in court until January 29,
1891, when the plaintiff appeared by counsel, and
filed a motion for the correction of the journal entry
of the judgment as to alimony, on the ground that
said entry did not conform to the actual judgment
rendered, but that certain of the lands decreed to her as
alimony were omitted from the journal entry, and that
certain other lands not decreed to her were included
therein, the motion particularly describing all the
tracts and lots of ground.    On May 27, 1891, at May
term, said motion was presented for hearing, and the
plaintiff in support thereof offered to introduce evi-
dence, to which the defendant objected, and the objec-
tion was sustained and the motion dismissed at the
plaintiff's costs.    The particular grounds of objection
and for the dismissal do not appear in the record, but

on the argument of the case here upon a proceeding in error it seems to be conceded that the court held the motion came too late. (See §§ 568, 569 and 575 of the Code of Civil Procedure.) The plaintiff in error contends that these sections are only applicable when a reversal or modification of a judgment or order is sought, citing in support thereof *Tobie v. Comm'rs of Brown Co.*, 20 Kan. 14, 17, while in this proceeding it was only asked that the journal entry of the judgment be made to conform to that which was actually rendered, and that the power to grant such relief is inherent and continuing in the court, and this position is ably presented by counsel. But the defendant in error filed a motion to dismiss on several grounds, one of them being that the judge did not certify that the case belonged to one of the excepted classes, as provided by section 542a of the code of civil procedure. The record does not anywhere disclose the value of the property to be $100 or more, nor is such fact otherwise shown, and there is no certificate that the case comes within any of the excepted classes. (*Coal Co. v. Barber*, 47 Kan. 29, 33; *Loomis v. Bass*, 48 id. 26; *Skoin v. Limerick*, 50 id. 465.)

The case must therefore be dismissed.

All the Justices concurring.