WILLIAM SIMPSON *et al.* v. MAHULDA A. DUVALL.
No. 75.

COURTS OF APPEALS—*Jurisdiction.* To give this court or the supreme court jurisdiction to review a judgment of a district court, it must affirmatively appear that the amount or value in controversy exceeds $100 or that the case belongs to the excepted classes.

MEMORANDUM.—Error from Norton district court; A. C. T. GEIGER, judge. Action by Mahulda A. Duvall against William and Emma Simpson to reform a deed. Judgment for plaintiff. Defendants bring the case to this court. Dismissed. The opinion herein, filed October 9, 1896, states the material facts.

*John R. Hamilton & Son*, for plaintiffs in error.
*L. H. Thompson*, for defendant in error.

The opinion of the court was delivered by

GARVER, J.: This is an action to reform a deed of conveyance of real estate so as to make the same conform to the agreement of the parties. It is claimed that the plaintiffs in error sold and agreed to convey to the defendant in error a tract of one-half an acre of land, to be measured out of a larger tract owned by the plaintiffs in error in Norton county, and that when the deed was executed, by mutual mistake, said tract of land was described by such metes and bounds as actually embraced only one-half the quantity purchased and intended to be conveyed. The district court found in favor of the defendant in error, the plaintiff below, and decreed the reformation of the deed of conveyance as prayed for. Of this judgment and decree the plaintiffs in error complain.

This case has been heretofore in the supreme court for the review of a decision of the district court made

upon the pleadings. (*Duvall v. Simpson*, 53 Kan. 291.) There is nothing in the record now before us to show that the value of the land over which these parties are having so much controversy exceeds $100. The only thing bearing upon value is the fact that when the purchase was made the price agreed upon for the one-half acre was $85.

We cannot presume that half the quantity of land is worth more than the original purchase. It is well settled that this court has no jurisdiction to review the judgment of a district court unless the amount or value in controversy, exclusive of costs, shall exceed $100, or unless the case belongs to certain excepted classes. There is no certificate attached to the record in this case showing that it belongs to an excepted class. Jurisdiction must be affirmatively shown; otherwise, this court has no authority to review the judgment of the district court. (*Packard v. Packard*, 56 Kan. 132.)

Because of want of jurisdiction this case will be dismissed.

All the Judges concurring.