THE EDINBURGH LOMBARD INVESTMENT COMPANY,
LIMITED, v. EMMA COOPER *et al.*

**No. 13,488.** ( 75 Pac. 488.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Jurisdiction—Amount in Contro-*
*versy.* Plaintiff recovered from defendants a judgment for
$515.66, with interest at ten per cent. per annum, costs of suit,
and foreclosure of its mortgage. Defendants filed a motion to
correct the journal entry. The motion was sustained and plain-
tiff's recovery was reduced to the extent of the interest and costs.
This proceeding is brought to the supreme court by plaintiff to
review said order. *Held*, that the amount in controversy was the
loss of the interest sustained by plaintiff in the correction of the
journal entry, and, being less than $100, the supreme court has no
jurisdiction to review the case.

Error from Rooks district court; CHAS. W. SMITH,
judge. Opinion filed February 6, 1904. Dismissed.

*Cook & Gossett*, for plaintiff in error.

*W. B. Ham*, for defendants in error.

The opinion of the court was delivered by

ATKINSON, J. : The Edinburgh Lombard Investment
Company, Limited, filed its petition of foreclosure in
the district court of Rooks county on the 11th day of
May, 1900, against Emma Cooper *et al.*, to foreclose a
mortgage upon land in that county. Defendants an-
swered, claiming a set-off. Upon the trial in the dis-
trict court defendants were allowed a set-off against
the claim of plaintiff, and plaintiff recovered judgment
against defendants for the sum of $515.66, with inter-
est at ten per cent. per annum, the costs of suit, and
foreclosure of the mortgage. Plaintiff prosecuted er-
ror to the supreme court and the judgment of the
trial court was affirmed. (*The Edinburgh Lombard In-*

*vestment Company, Limited, v. Emma Cooper et al.*, 64 Kan. 888, 68 Pac. 1127.)

On June 25, 1902, after the mandate of the supreme court had been filed in the district court, defendants filed their motion to correct the journal entry in said cause. Upon the hearing of this motion it was sustained, and the court made an order correcting the journal entry so as to show that plaintiff did *not* recover interest and costs on said judgment of $515.66. To the order of the district court correcting the journal entry the plaintiff excepted, and has brought proceedings in error to the supreme court.

We have carefully examined the record filed in this court. The amount in controversy, exclusive of costs, would be the amount of loss of interest which plaintiff sustained by the order of the court correcting said journal entry. This amount is less than $100. The appellate jurisdiction of the supreme court can be exercised in civil actions only where the amount or value in controversy, exclusive of costs, exceeds $100, except in certain cases, and the present case does not come within any of the exceptions. (Gen. Stat. 1901, § 5019 ; *Coal Co. v. Barber*, 47 Kan. 29, 27 Pac. 114 ; *Loomis v. Bass*, 48 id. 26, 28 Pac. 1012 ; *Skoin v. Limerick*, 50 id. 465, 31 Pac. 1051.)

As this court has no jurisdiction to review the case, it will be dismissed.

All the Justices concurring.