No. 24,198.

CARRIE IMHOFF, *Appellant*, v. CORNELIUS IMHOFF, *Appellee.*

SYLLABUS BY THE COURT.

DIVORCE—*Alimony Awarded Wife Wholly Inadequate.* Alimony allowed to a wife on her being granted a divorce from her husband on account of his fault should be based on the necessities of the wife and the ability of the husband to pay. An award of $300 alimony where the husband owns property worth $6,000 to $8,000 and the wife owns $1,000 to $1,500 is entirely inadequate and disproportionate.

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion filed February 10, 1923. Modified.

*Fred J. Evans,* of ·Garden City, for the appellant.
*H. O. Trinkle,* of Garden City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment granting her a divorce from the defendant and· giving to her $300 alimony. She appeals from the judgment for alimony.

The plaintiff's evidence tended to show that the defendant owned property valued at somewhere between $12,000 and $15,000, but the defendant's evidence tended to show that his property was not worth either of these amounts, although from defendant's evidence it can be gathered that his property was worth from $6,000 to $8,000. The plaintiff and the defendant were married on December 30, 1918, and they lived together until September·30, 1920, when they separated. The plaintiff had about $1,300 in money and bonds when the parties were married, and that money and bonds she took with her at the time of the separation.

The only question discussed is: Was the award of alimony so small as to show an abuse of discretion on the part of the trial court? Section 673 of the code of civil procedure reads in part:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife . . . shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the property which came to him by marriage and the value of his real and personal estate at the time of said divorce."

In *Johnson v. Johnson,* 66 Kan. 546, 548, 72 Pac. 267, the court used the following language:

"In awarding alimony and in the adjustment of financial matters as between divorced parties, no little latitude is allowed to the court in the making of its decree. The statute requires that such alimony be allowed as the court shall think reasonable. The adjustment of the matters involved is within the discretion of the court. The judge is required thoroughly to inform himself with respect thereto. The order proper to be made depends upon the circumstances of each case. The financial ability of each of the parties, including liabilities, should be taken into consideration and in a measure provided for."

In *Miller v. Miller,* 97 Kan. 704, 156 Pac. 695, this court said:

· "Before a judgment awarding alimony will be reversed it must appear by all the circumstances surrounding the parties to the action that the trial court abused its discretion in determining the amount." (Syl.)

We quote from *Deeds v. Deeds,* 108 Kan. 770, 773, 196 Pac. 1109, as follows:

"In *Packard v. Packard,* 34 Kan. 53, 7 Pac. 628, it was said that as the divorce to the wife was granted by reason of the fault and aggression of the husband she should be allowed such alimony as would maintain her and her children in as good condition as if she were still living with her husband. In *Leach v. Leach,* 46 Kan. 724, 27 Pac. 131, where the divorce was granted to the husband for the fault of the wife, and he had property worth from ten to fourteen thousand dollars, and owed about $500, and he was required to pay all the costs and support all of the children, five in number, it was held that the award of $2,500, in addition to certain personal property, was not erroneous. It was said in the opinion that ordinarily $2,500 or $3,000, out of an estate worth from $10,000 to $14,000, would be too small, but in this case it was probably right, and at most this court could not say that the court below should grant her any larger sum."

Following the rule declared in these cases, this court is forced to the conclusion that the alimony awarded to the plaintiff was wholly inadequate and disproportionate to the property owned by the defendant. For that reason, the judgment must be modified, or a new trial must be granted.

The cause is remanded to the trial court with directions to grant a new trial unless the defendant will consent that judgment be entered against him for $1,000 alimony.