No. 40,478

KEOLNA W. BREIDENTHAL, *Appellant* and *Cross-Appellee*, v. GEORGE GRAY BREIDENTHAL, Individually, Appellee, and WILLARD J. BREIDENTHAL, MARY G. BREIDENTHAL, RUTH B. SNYDER, JOHN W. BREIDENTHAL, and GEORGE G. BREIDENTHAL, As Partners, Doing Business under the Firm Name and Style of SECURITY INVESTMENT COMPANY, *Appellees* and *Cross-Appellants*.

(318 P. 2d 981)

24

Opinion filed December 7, 1957.

*J. W. Mahoney*, of Kansas City, argued the cause, and *William E. Carson*, of Kansas City, was with him on the briefs for appellant and cross-appellee.

*Arthur J. Stanley, Jr.*, of Kansas City, argued the cause, and was on the briefs for Appellee George Gray Breidenthal. *N. E. Snyder*, of Kansas City, argued the cause, and was on the briefs for appellees other than George Gray Breidenthal, and cross-appellants.

The opinion of the court was delivered by

FATZER, J.: This is an action by a wife for divorce, child custody, alimony and property division. Plaintiff (appellant) joined as parties defendant four members of a family partnership in which her defendant husband, George Gray Breidenthal, allegedly owned a one-fifth interest, and secured an order restraining defendants from altering the partnership interests during the pendency of the action. The trial court sustained a motion of defendants other than George to dismiss the action and dissolve the restraining order as to them, and made rulings on other preliminary motions. Plaintiff appeals from the order dismissing the action and dissolving the restraining order as to the defendants other than George. Defendants other than George have cross-appealed from the order overruling their demurrer and motion to strike certain allegations from plaintiff's petition and supplemental petition.

The action was commenced May 9, 1956. Plaintiff alleged that the parties were married February 7, 1934, at Olathe; that George was guilty of extreme cruelty and gross neglect of duty; that a son, George Gray Breidenthal, Jr. was born March 22, 1948; that for approximately thirteen years of their married life she had worked and earned wages which were used in their mutual acquisition of property and for their necessary living expenses, and as a result of their joint efforts, as well as by gift and accretion, they had accu-

mulated certain personal property consisting of household goods and furniture in the possession of plaintiff, a 1956 Oldsmobile automobile in the possession of George, and an equity in a home in Kansas City, Kansas, occupied by her minor son and her. She further alleged they owned certain insurance policies, government bonds, stock in corporations, and that George was the owner of an undivided one-fifth interest in a family partnership known as the Security Investment Company formed in July, 1946, between Willard J. Breidenthal, his wife Mary G. Breidenthal, and their children, Ruth B. Snyder, John W. Breidenthal and the defendant George Gray Breidenthal, for the purpose of investment in securities and real estate; that the major portion of George's assets consisted of that partnership interest; that the partnership had assets in excess of four million dollars and an annual income of over $200,000; that she was entitled to temporary maintenance in accord with George's taxable income for 1955 of $50,065.20, and to have the partnership interest considered in determining alimony, property division and child support allowance; and, that it was essential to restrain the defendants from transferring or altering any of the partnership interests during the pendency of the suit and until her rights and the rights of her minor son were fully determined.

Pursuant to the prayer of the petition, the trial court issued an order restraining George and the defendants other than George from disposing of or altering any of the partnership assets or interests during the pendency of the action, and an order directing George to pay certain sums to the plaintiff for temporary alimony, child support money and for attorney's fees.

On May 22, 1956, defendant George Breidenthal filed a motion to modify the order for temporary alimony. In his supporting affidavit he stated that he had sold his interest in the family partnership on May 6, 1956, and that by the terms of sale he had no right to receive the proceeds until May 6, 1961, and that those proceeds were subject to reduction by the payment of his share of the partnership debts. In addition he stated that his taxable yearly income, including salary and dividends, was then only $6,890, and that in addition to his right to receive the proceeds of the sale of his partnership interest, his property consisted of securities worth about $19,000, a 1956 Oldsmobile automobile, and an equity in real estate of about $6,000 owned jointly with the plaintiff.

On May 23, 1956, the defendants other than George moved to vacate and dissolve the restraining order and for dismissal of the action as to them, on the ground that George was no longer a member of the partnership, since he had sold his interest to his father, Willard J. Breidenthal, in consideration of a credit to him on the books of the partnership of the value of his original interest plus 100 percent profit from July 8, 1946, subject to the debts of the partnership and to George's debts to members of the partnership, the balance of which was not subject to his withdrawal for five years. They further alleged that they were not within the scope of the provisions of G. S. 1949, 60-1507 and that the petition did not state a cause of action as to them.

On May 23, 1956, plaintiff filed a supplemental petition in which she alleged that the purported sale of May 6, 1956, was not a bona fide transfer of George's partnership interest; that it was simply a device to put that portion of George's assets represented by the partnership interest beyond her reach, the reach of her minor child, and the reach of the court; that for several months prior to suit the parties had negotiated for a settlement of their property differences; that the negotiations had reached an impasse and were finally terminated on May 4th or 5th, 1956, before the action was filed; that the negotiations had been carried on in good faith and with the implied understanding that no change in the status quo of the partnership would be made until a settlement was reached or a court determination made. She further alleged that the market value of the partnership assets had increased since the December 1951 statement of account, which she attached; and, that the 1955 partnership income was $320,896.03 as shown by George's 1955 income tax return, which was attached to the petition. She attached a copy of the original articles of partnership, reduced to writing in June, 1948, which indicated that the purported transfer was not in accord with its terms; that the spouses of each of the partners had given their written acceptance to such articles, and that the original market value of the partnership assets was more than twice the assigned book value. She alleged that the failure of the defendants other than George to furnish her with a current statement of the partnership's assets and liabilities, and their secretive attitude toward those assets and toward the disclosure of them to her, the agreement to defer payment to George for five years, and the timing of the transfer of George's interest in the partnership's assets

coincident with the breakdown of negotiations, showed that the transfer was not in good faith and was a collusive arrangement between George and Willard J. Breidenthal for the purpose of defeating the rights of the minor son of the parties and plaintiff and to withhold from the court information which it must have in order to determine fairly and intelligently the rights of the parties. She further alleged that it was necessary to secure information from the defendants other than George in order to determine the property rights of the parties and that a restraining order was necessary to prevent disposal of the property until those rights had been determined.

Plaintiff also filed other motions for appointment of an auditor of the partnership, to increase the temporary alimony and for money for replacement of clothing and furniture damaged by a fire in her home.

On June 8, 1956, the defendants other than George filed a demurrer to the petition and supplemental petition on the grounds that the court had no jurisdiction of the action as to the defendants; that the petitions failed to state a cause of action against them; and that if they did state a cause of action, then several causes of action were improperly joined. These defendants also moved to strike certain allegations from plaintiff's petition and supplemental petition.

On June 21 and 22, 1956, the trial court proceeded to take evidence upon the motion of the defendants other than George to dissolve the restraining order and to dismiss the action, together with other motions, the substance of which, in view of our conclusions later stated, need not here be detailed. At the close of the hearing, the defendants other than George demurred to the evidence and moved to strike the testimony, renewed their motion to dismiss and their demurrer to the petition and the supplemental petition. The trial court overruled the oral demurrer to the evidence and the motion to strike the testimony, and took the other matters under advisement.

On July 3, 1956, the trial court overruled plaintiff's motions and sustained defendant George Breidenthal's motion to modify the order for temporary alimony. The court sustained the motion to dissolve the restraining order and dismissed the action as to defendants other than George, from which orders plaintiff appeals. The demurrer to the petition and the supplemental petition and the

motion to strike were overruled, from which orders the defendants other than George cross-appeal.

Plaintiff has assigned four specifications of error, but when this appeal was orally argued she concluded that only the first specification was proper for appellate review, *i. e.*, that the trial court erred in sustaining the motion of the defendants other than George to dismiss the action as to them, and to dissolve the restraining order.

In considering this specification of error we are first confronted with the question of whether under the allegations of plaintiff's petition and supplemental petition the defendants other than George were properly made parties defendant in this action. It is alleged the parties were made defendants because they were members of a family partnership known as the Security Investment Company in which plaintiff claims George is a member; that it has assets in excess of four million dollars and had an income in 1955 of over $320,-000, and that George was the owner of an undivided one-fifth interest in its assets. In the supplemental petition it is alleged that the transfer of George's interest on May 6, 1956, was in bad faith and was a collusive arrangement between George and Willard J. Breidenthal for the purpose of defeating the rights of the minor son and plaintiff.

Generally speaking, the husband and wife are the only proper parties to an action for divorce. (17 Am. Jur., Divorce and Separation, § 312, p. 482; 27 C. J. S., Divorce, § 90, p. 672.) However, the right of a wife to name as defendants third parties to whom the husband has conveyed his property in fraud of her rights, or third parties having, or claiming to have an interest in property involved in a divorce action, is universally accepted as the prevailing rule on the ground that the court, in the exercise of its duty to determine a reasonable amount of alimony to be awarded the plaintiff, must determine whether the property is in fact owned by the husband or by the third parties defendant (See, Annotation 102 A. L. R. 814; 17 Am. Jur., Divorce and Separation, § 313, p. 482). Our decisions support this rule (*Wohlfort v. Wohlfort*, 123 Kan. 143, 254 Pac. 334; *Rumsey v. Rumsey*, 150 Kan. 49, 90 P. 2d 1093; *Cadwell v. Cadwell*, 162 Kan. 552, 556, 178 P. 2d 266) being buttressed by G. S. 1949, 60-411, which provides generally for joinder of parties defendant, and reads:

"Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, *or who is a necessary party to a com-*

*plete determination or settlement of the question involved therein."* (Emphasis supplied.)

In *Wohlfort v. Wohlfort,* supra, this court held that the determination of the worth and extent of the husband's property is a necessary incident of an action for divorce or alimony, and that third persons are properly made parties defendant where their presence is necessary for the determination of what property is owned by the husband. In the opinion it was said:

". . . This action cannot be regarded in any sense as a contest of the will. It was brought to obtain permanent alimony and a part of the property owned by her husband. The inquiry as to his property was a mere incident of the action for alimony. It devolved on the court to ascertain and determine what property was in fact owned by the husband in order that an equitable division of it might be made. It was within the power of the court to make such inquiry and order. It having been alleged that other parties than plaintiff's husband were claiming to own the entire property, it was proper to make these claimants parties defendant. . . ." (l. c. 148.)

In a divorce action the court not only dissolves the marital bonds, but where a divorce is granted by reason of the fault of the husband, it divides the property and makes reasonable allowance for alimony to the wife by taking into consideration the conduct of the parties, the needs of the wife, the social position of the parties, the earning capacity of the husband, the amount of the property owned by the parties, how and when it was acquired and the value of the husband's real and personal estate at the time of the divorce. (G. S. 1949, 60-1511; *Packard v. Packard,* 34 Kan. 53, 7 Pac. 628; *Imhoff v. Imhoff,* 112 Kan. 727, 212 Pac. 886; *Flautt v. Flautt,* 126 Kan. 21, 266 Pac. 746; *Mann v. Mann,* 136 Kan. 331, 15 P. 2d 478; *Walno v. Walno,* 164 Kan. 620, 192 P. 2d 165.)

A final judgment of divorce settles all property and alimony rights, whether or not they have been presented and considered by the court, and after a divorce decree is granted no award of alimony can be made or changed (*Roe v. Roe,* 52 Kan. 724, 35 Pac. 808; *Noonan v. Noonan,* 127 Kan. 287, 273 Pac. 409; *Calkins v. Calkins,* 155 Kan. 43, 122 P. 2d 750, and cases cited therein). If the court does not accurately determine the extent of the husband's property and earnings by resolving disputed questions of ownership in the divorce action, the wife may be stripped of all alimony as a result of later claims of third parties (*Cadwell v. Cadwell,* supra; Anno. 102 A. L. R. 814), or may be granted an inadequate award.

Clearly, in the instant case, the trial court had jurisdiction of all

of the parties having or claiming to have an interest in property in which George was alleged to have an interest. The inquiry as to the ownership and worth of that property was incident to the action for divorce and the defendants other than George were necessary and proper parties defendant for a determination of those issues. Thus, there was no misjoinder of causes of action (*Wohlfort v. Wohlfort,* supra).

Did the petition and supplemental petition state facts sufficient to constitute a cause of action against the defendants other than George? Implicit in the question is whether George's purported transfer of his partnership interest as alleged in the supplemental petition and as set forth in his affidavit removed the other defendants as necessary parties to the action. We think not. George's affidavit stated baldly that his partnership interest had been sold. No purchase price was stated, and the proceeds were declared to be subject to the debts of the partnership, the extent of which was undetermined at that time. The credit to George was to be kept on the partnership books for a period of five years at the expiration of which the credit could be withdrawn by him. On that basis alone plaintiff's allegation that defendants other than George were necessary parties to a determination of the extent of George's property, was sufficient.

Assuming, *arguendo,* that the purported transfer was bona fide, the members of the partnership, in the absence of further facts with respect to its liabilities, were in possession of a substantial credit belonging to George and their presence in the action was necessary to determine the amount of that fund, which the trial court would be required to take into consideration in the event plaintiff was granted a divorce. On the other hand, if the transfer was in fact fraudulent, George was still a member of the partnership and the other partners were proper and necessary parties defendant. The allegations of the supplemental petition when tested by the demurrer were more than sufficient to make out a case of a fraudulent transfer of George's interest in the partnership. Fraud can rarely be shown expressly, and evidence of the circumstances of the transaction itself must often be relied upon to establish fraud (*Dodson v. Cooper,* 50 Kan. 680, 32 Pac. 370). Plaintiff's allegations contained several indicia of fraud: the timing of the transfer just after negotiations for settlement had broken down and before the action was filed, the arrangement to defer payment for five years, the secrecy of the trans-

fer between George and Willard J. Breidenthal in derogation of the terms of the partnership agreement, and the withholding of information by the defendants of the partnership assets and liabilities were sufficient to allege a cause of action against the defendants other than George.

We now turn to the order of the trial court dismissing the action as to the defendants other than George. At the outset, we note that the trial court assigned no grounds for its order of dismissal, and our disposition of this appeal makes it unnecessary to deal extensively with the propriety of the purported transfer of George's interest in the partnership. We previously indicated the trial court heard evidence on the motion to dismiss and other motions, following which it dismissed the action as to the defendants other than George. We think that was error. At that stage of the litigation the issues raised by plaintiff's allegations, heretofore summarized, had not been joined. Neither George nor the other defendants had answered. No justiciable issue concerning the parties or the merits of the action was then pending before the trial court, and it improperly heard evidence in support of the motion to dismiss.

Following the filing of a petition in a divorce action where it is alleged that the husband has conveyed his property in fraud of the wife's rights, or third parties are alleged to have or claim an interest in the property involved, the procedure recognized by the code of civil procedure to test the sufficiency of such persons being named as parties defendant, is by demurrer (G. S. 1949, 60-705). When a demurrer is filed and overruled, proper procedure requires a trial court to direct that the issues be made up by all the defendants and a trial had on the merits (G. S. 1949, 60-2703, 60-2903). An affirmative defense to be available in a divorce action must be set up by the answer with the facts relied upon to establish the defense set out therein (27 C. J. S., Divorce, § 114, p. 703). Defendants may not contradict the allegations of a petition by a motion to dismiss, and in such manner obtain a decision on disputed questions of fact before a joinder of issues and a trial upon the merits (*Billups v. American Surety Co.*, 170 Kan. 666, 228 P. 2d 731). To allow such procedure would put the plaintiff at the mercy of the defendants for trial of issues "piecemeal" if and when they chose to raise such issues, and whether or not a decision of them was ultimately necessary. The right of a wife to have conveyances or transfers set aside, and disputed questions of ownership

and value of her husband's property decided so that it may be considered by the court in awarding alimony, is dependent upon her being granted a divorce for the fault of the husband (G. S. 1949, 60-1511; 27 C. J. S., Divorce, § 273, p. 1077). Clearly, the motion of the defendants to dismiss the action as to them was not authorized. In view of this conclusion, it follows that all proceedings had with respect to that motion, and the order of the trial court dismissing the defendants other than George from this action, including the findings inherent in it that the transfer of George's interest in the partnership was made in good faith and for a fair and adequate consideration, were not authorized and are a nullity.

We next consider the order of the trial court dissolving the restraining order. On May 9, 1956, the trial court issued an order restraining George and the other defendants from disposing of or altering any of the partnership assets or interests during the pendency of the action. In our opinion the restraining order against the defendants other than George was authorized by G. S. 1949, 60-1507. The statute gives the trial court wide discretion in an action for divorce or alimony to "restrain the disposition of the property of the parties or either of them, and for the use, management and control thereof . . . during the pendency of the action, as may be right and proper." Orders of this character are clearly within the discretion of the trial court and we do not here purport to trespass upon the wide discretion the statute vests in it with respect to restraining orders such as here involved. However, the record does not indicate the trial court's reason for dissolving the restraining order as to the defendants other than George, but if that order was dissolved solely because the trial court sustained the motion to dismiss the action as to the defendants other than George, the order should be reinstated.

The defendants other than George cross-appeal from the order of the trial court overruling their demurrer and motion to strike certain allegations from plaintiff's petition and supplemental petition. The demurrer challenges the petition and supplemental petition on the grounds that the court had no jurisdiction of the subject of the action as to the defendants; that if any causes of action were alleged against them, they were improperly joined; and, that the petitions did not state facts sufficient to constitute a cause of action against them. It is unnecessary to discuss these points since each has heretofore been fully dealt with. As previously indicated, the

trial court had jurisdiction of the parties; the several causes of action were not improperly joined; and, the petition stated facts sufficient to constitute a cause of action against the defendants other than George.

With respect to the motion to strike, we think the trial court correctly overruled that motion since the allegations sought to be stricken were properly pleaded in alleging a cause of action against the parties defendant.

This case is reversed with directions to the trial court to vacate and set aside all proceedings had with respect to the defendants' motion to dismiss this action, including its order dismissing the defendants other than George as parties defendant. In the event the restraining order issued May 9, 1956, was dissolved as a result of the order dismissing the action as to defendants other than George, it is directed to be reinstated; if it was not, but dissolved by the trial court independent of the sustaining of the motion to dismiss the action, it is not ordered reinstated. The trial court is further directed to require all the defendants to make up the issues and to proceed with dispatch to try the merits of the issues joined.

It is so ordered.