McMILLIN, C.J.,
dissenting:
¶ 36. I respectfully dissent. In my view, the chancellor’s adjudication that Mr. Burns owned stock in Meek Auto Sales, Inc. having a value in excess of one half million dollars could not properly be made without the court acquiring jurisdiction over all those known to claim an ownership interest in the stock.
¶ 37. Mr. Burns denied owning the stock, claiming instead that the stock belonged to Sid Meek. That contention, supported by competent evidence that included the testimony of Sid Meek himself, raised a substantial disputed issue of fact. If, in fact, Sid Meek is the true legal owner of the stock in the dealership, then the chancellor was manifestly in error in diminishing Mr. Burns’s portion of the equitable division of those marital assets not subject to a dispute as to ownership by the value of the stock.
¶ 38. Only after the true ownership of the stock was finally adjudicated in an appropriate legal forum could the chancellor properly consider the value of the stock in making an equitable distribution. So long as the ownership remained a matter in dispute, the chancellor’s non-binding *102 opinion as to who might own the stock did not constitute sufficient underpinning for an inclusion of the stock as a marital asset — that determination being, after all, a prerequisite for the chancellor’s jurisdiction to include the stock in the equitable division. Hemsley v. Hemsley, 639 So.2d 909, 914-15 (Miss.1994).
¶ 39. In Skinner v. Skinner, the Mississippi Supreme Court held that the court erred in adjudicating the wife’s right to use an automobile legally titled to the husband’s corporation without the corporation being a party to the proceeding. Skinner v. Skinner, 509 So.2d 867, 870 (Miss.1987). Certainly, had the chancellor in the case now before us sought to award the Meek Auto Sales stock to Mrs. Burns as a part of the equitable division of assets — an option that was within the range of the chancellor’s discretion — even Mrs. Burns would concede the necessity of Sid Meek being before the court. Otherwise, the relief afforded her in this litigation might prove a hollow victory, indeed. In the absence of Sid Meek as a party, he would not be bound by the chancellor’s adjudication of ownership and it would be entirely possible that, in a subsequent suit to enforce Mrs. Burns’s ownership rights, Sid Meek could prevail. It is, for purposes of analysis, purely coincidental that the chancellor awarded the Meek Auto Sales stock to Mr. Burns rather than Mrs. Burns in making the equitable division dictated by Hemsley. Within the context of this proceeding, it is no more fair to leave Mr. Burns at risk of a subsequent adverse adjudication as to ownership of that stock in a contest with Sid Meek than it is to submit Mrs. Burns to that risk.
¶ 40. In fact, it may be more inequitable to award the stock to Mr. Burns since, in any subsequent litigation involving Sid Meek concerning ownership of the stock, Mr. Burns would arguably be bound, or at a minimum substantially impeached, by his denial under oath in this proceeding of any ownership interest in the stock.
¶ 41. Other jurisdictions considering the question have found those claiming an ownership interest in disputed marital assets to be necessary parties. The Kansas Supreme Court said
... the right of a wife to name as defendants ... third parties having, or claiming to have an interest in property involved in a divorce action, is universally accepted as the prevailing rule on the ground that the court, in the exercise of its duty to determine a reasonable amount of alimony to be awarded the plaintiff, must determine whether the property is in fact owned by the husband or by the third party defendant, (citations omittted).
Breidenthal v. Breidenthal, 182 Kan. 23, 318 P.2d 981, 985 (1957).
¶ 42. The Missouri Court of Appeals found the need to join third parties claiming an interest in property subject to division in a divorce to be “apparent” in the case of Ravenscroft v. Ravenscroft, 585 S.W.2d 270, 275 (Mo.Ct.App.1979). The Court of Appeals of North Carolina said that “when a third party holds legal title to property which is claimed to be marital property, that third party is a necessary party to the equitable distribution proceeding, with their participation limited to the issue of the ownership of that property.” Upchurch v. Upchurch, 122 N.C.App. 172, 468 S.E.2d 61, 63 (1996); See also Sweeney v. Sweeney, 534 A.2d 1290, 1292 (Me.1987).
¶ 43. Mississippi Rule of Civil Procedure 19(a)(2)(ii) requires the joinder of a person subject to the court’s jurisdiction if “he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may ... leave any of the persons already parties subject to a substantial risk of incurring *103 ... inconsistent obligations by reasons of his claimed interest.” Miss. R. Civ. P. 19(a)(2)(ii). In my view, Mr. Burns’s obligation to honor the chancellor’s division of property is inconsistent with his purported obligation to concede to Sid Meek that he claims no interest in the stock within the meaning of Rule 19. That conclusion means that Sid Meek is a necessary party to this proceeding.
¶ 44. While I might lament the fact that Mr. Burns did not raise this issue in a more timely fashion when it could have been dealt with in a manner involving less delay and needless utilization of judicial assets, I nevertheless note that, under the holding of Shaw v. Shaw, 603 So.2d 287, 293 (Miss.1992), the matter of non-joinder of a necessary party may be raised at any time, and may even be raised by the court on its own motion. In this case, the true ownership of this significant asset is crucial to a proper division of marital assets. I am convinced that a full inquiry into ownership in which all those asserting competing claims may fairly be heard is an essential first step.
¶45. I would remand for a determination of whether Mr. Burns owned any interest, equitable or legal, in Meek Auto Sales that would be a marital asset subject to equitable division, the determination to be made in a proceeding to which Sid Meek is a party as required by Rule 19(a).
SOUTHWICK, P.J., AND LEE, J., JOIN THIS SEPARATE WRITTEN OPINION.