**In re the MARRIAGE OF Despina H. NGUYEN, Appellee,**

**and**

**Tiem-Quang-Nguyen, Appellant.**

**No. 82CA1396.**

Colorado Court of Appeals,
Div. II.

Dec. 29, 1983.

Rehearing Denied Feb. 23, 1984.

Certiorari Denied July 16, 1984.

George Francis, Denver, for appellee.

Danielson & Euser, Luke J. Danielson, Denver, for appellant.

BABCOCK, Judge.

Tiem-Quang-Nguyen, husband, appeals the final orders entered in this dissolution of marriage action. We affirm.

Husband, a Vietnamese, married wife, a Greek, on May 2, 1980. The parties lived together for one week. In June 1980, wife filed a petition for dissolution of marriage, and in September 1980, gave birth to a baby girl. The child's name was reflected on the birth certificate as "Tutam Thiep Nguyen."

During the hearing on final orders, the propriety of the child's name as reflected on the birth certificate was brought into question by husband during cross-examination of wife. In response to his questions, wife testified that she intended to name the child "Mary" but that husband had forged her signature on the birth certificate. Despite this, wife had always called the child "Mary."

Husband, when asked by the court to express his preference, testified that he preferred that the child's name remain as shown on the birth certificate. His sole objection to addition of the name "Mary" was that it would cause inconvenience in connection with paperwork previously completed if placed first in sequence to the names already reflected on the birth certificate.

The attorney appointed to represent the child pursuant to § 14–10–116, C.R.S.1973, recommended that the name "Mary" be added to those names originally contained in the birth certificate as the child's first name. The basis for her recommendation was that the addition of "Mary" would ease childhood development in this country yet retain the child's Vietnamese heritage in her middle names and surname. On the basis of this testimony and because wife was the custodial parent, the court ordered that the name of the child be changed from "Tutam Thiep Nguyen" to "Mary Tutam Thiep Nguyen."

Husband contends that the trial court erred by changing the name of the child. In support of this contention, husband first

argues that the trial court did not have jurisdiction to enter such an order because the statutory procedure set forth under §§ 13–15–101, et seq., C.R.S.1973, is the exclusive means by which a court may order a name change. We disagree.

■ The procedure for change of name set forth under §§ 13–15–101, et seq., C.R.S.1973, is in addition to, not in exclusion of, the common law method for change of name. *In re Change of Name of Knight,* 36 Colo.App. 187, 537 P.2d 1085 (1975). Indeed, in dissolution of marriage actions, courts routinely restore the wife's former name upon request without requiring compliance with §§ 13–15–101, et seq., C.R.S. 1973, and they do so in the absence of express authorization therefor under the Uniform Dissolution of Marriage Act, §§ 14–10–101, et seq., C.R.S.1973.

■ Because of the greater procedural safeguards attendant to a dissolution of marriage action and the breadth of the trial court's consideration of family relationships and economics we see no sound policy reason why power should not attach to consider a name change in this context. *See* § 14–10–101, et seq., C.R.S.1973; *cf.* §§ 13–15–101, et seq., C.R.S.1973; § 25–2–115, C.R.S.1973. Therefore, we conclude that the trial court has the power, founded in common law, to order a change of name of a minor child of the parties in a dissolution of marriage action.

Although the power to do so is grounded in the common law, the court should consider those factors applicable to a statutory name change in determining whether to grant a parent's request. In *In re Change of Name of Knight, supra,* we held that a court has wide discretion in ordering a change of name and should not deny an application unless special circumstances were found to exist. We indicated that such a special circumstance might exist if the change contributed to the estrangement of the child from a non-custodial parent who wishes to foster and preserve the parental relationship.

■ Here, there was no showing that the addition of the name "Mary" to the child's birth certificate would contribute to the estrangement of the child from the husband or undermine their parent-child relationship. The order reflects the change was intended to promote balance between the cultural heritage reflected by her middle and surnames and the ease by which she will be known in this society. The best interests of the child were fully protected by her court-appointed attorney who recommended the change. The order is measured by and in harmony with the best interests of the child. *See* § 14–10–124, C.R.S.1973. Therefore, we find no abuse of discretion in the trial court's order.

■ Husband also contends that wife's failure to amend her petition for dissolution of marriage to request the change of name precluded consideration of the issue by the trial court. However, the record reflects no objection by husband to proceeding on this issue and shows that it was he who initially raised the issue on cross-examination of wife. Therefore, even though no formal amendment to the petition was made, the trial court did not abuse its discretion in considering the issue as it was tried by implied consent of the parties. *See* C.R.C.P. 15(b); *Cady v. Fraser,* 122 Colo. 252, 222 P.2d 422 (1950).

■ Husband contends for the first time on appeal that the court erred when it considered a written report of the child's court appointed attorney delivered just before the hearing on permanent orders and in denying his request for continuance. He argues he was denied his due process right of cross-examination. However, there is no such report or request for continuance in the record. The action of the trial court is presumed correct, and the burden is on husband to demonstrate error. *Laessig v. May D & F,* 157 Colo. 260, 402 P.2d 183 (1965). And, statements in a brief are insufficient to establish a record where there is none. *Hinshaw v. Dyer,* 166 Colo. 394, 443 P.2d 992 (1968). Thus, we do not consider this contention.

Finally, husband contends that the court erred in its award of custody, visitation, child support, payment of visitation supervision fees, and payment of the child's attorney fees. We conclude that the trial court's rulings addressing these issues were within the broad discretion with which trial courts are imbued in such matters. *See In re Marriage of McGee*, 44 Colo.App. 330, 613 P.2d 348 (1980) (custody and visitation); *Berge v. Berge*, 189 Colo. 103, 536 P.2d 1135 (1975) (child support); § 14–10–116, C.R.S.1973 (child's attorney fees).

Being without legal or factual foundation, the other contentions of error are without merit.

Judgment affirmed.

BERMAN and KELLY, JJ., concur.