200 N.J. Super. 496 (1985)
491 A.2d 823
RICHARD E. SQUIRES AND COUNTY OF ATLANTIC, PLAINTIFFS,
v.
ATLANTIC COUNTY BOARD OF CHOSEN FREEHOLDERS, DEFENDANT.
Superior Court of New Jersey, Law Division Atlantic County.
Decided February 27, 1985.
*498 John R. Armstrong for plaintiffs.
Vincent J. Sgro for defendant.
GRUCCIO, A.J.S.C.
The within action seeks declaratory relief invalidating a December 31, 1984 resolution by the Atlantic County Board of Chosen Freeholders which purported to amend Atlantic County's solid waste management plan. Plaintiffs, Atlantic County Executive Richard Squires and the County of Atlantic, contend that amendments to the solid waste management plan are required to be made by ordinance rather than by resolution. No reported decision addresses this issue. The conclusion of this court is that amendments to the solid waste plan are to be made by ordinance.
The facts giving rise to this complaint in lieu of prerogative writs are not disputed by the parties and require only brief recitation. In 1980, Atlantic County adopted a solid waste management plan (plan) by resolution.[1] An amendment to the plan was later enacted by ordinance. On August 2, 1984 Atlantic County received a letter from Robert E. Hughey, Commissioner of the Department of Environmental Protection *499 of the State of New Jersey (DEP), alleging that there were deficiencies in the county plan. Negotiations between the county and the DEP representatives took place thereafter culminating in the development of an administrative consent order. Defendant board of chosen freeholders authorized signature of that order by a resolution of November 20, 1984. The order was signed by Freeholder Board Chairman John F. Gaffney. Plaintiff Richard Squires signed the order of November 21, 1984 and it was finally executed by Commissioner Hughey on December 10, 1984. The relevant provision of that consent order provides that the county shall adopt amendments to its solid waste management plan no later than December 31, 1984. The amendment to the plan was necessary in order to designate a site or sites for the disposal of waste generated within the county.
Atlantic County is governed by the Optional County Charter Law, Executive Plan, N.J.S.A. 40:41A-31 et seq. On December 21, 1984 plaintiffs filed the original complaint in this action alleging that the failure of defendant to introduce an ordinance amending the plan injured plaintiffs by essentially negating the county executive's role in the amendment process. Plaintiffs further allege that because of the required time delays in adopting ordinances, defendants have caused the county to be in breach of the administrative consent order with DEP. An amended complaint was filed after the freeholders' adoption of a resolution to amend the plan on December 31, 1984. In addition to declaratory relief invalidating the resolution, plaintiffs also seek relief in the nature of mandamus which would require defendant to introduce and consider an ordinance amending the plan.
The dispute between the executive and legislative branches of Atlantic County government has arisen because of the apparent conflict over the construction of two state statutes; the Optional County Charter Law, N.J.S.A. 40:41A-31 et seq. (hereinafter charter law) and the Solid Waste Management Act, N.J.S.A. 13:1E-23.
*500 The Optional County Charter Law is a comprehensive statute for organization of county government. It specifically details the governmental roles of both the freeholders and the county executive. Each has a very specific sphere of authority. The county executive's role is managerial and administrative. The role of the freeholders is, on the other hand, primarily the legislative function. The freeholders also have budgetary authority, advice and consent, and general policy-making powers. See N.J.S.A. 40:41A-38 to -41.
The charter law is very specific in enumerating which legislative matters are appropriately enacted by resolution. N.J.S.A. 40:41A-38 provides that:
The legislative power of the county shall be vested in the Board of Chosen Freeholders. Such legislative power shall be exercised by ordinance, except for the exercise of the following powers which are required to be, or are permitted to be, exercised by resolution. [emphasis supplied]
The enumerated exceptions to the above quoted statute are not relevant in the instant case. The intent of the statute is clear in that if an action is: a) legislative in nature; and, b) not in the enumerated list appearing at N.J.S.A. 40:41A-38(a) through -38(p), then an ordinance would be required. Amendments to the solid waste management plan do not fall within the list. Therefore, if amendments to the plan are legislative in nature an ordinance would be required.
It is necessary to determine if amendments to the solid waste management plan are, in fact, legislative in nature. In the context of the charter law, it has been held that:
Matters of a permanent or general character are considered legislative, while acts which are temporary or routine are considered to be administrative.... An act which states a rule of conduct or a course of policy is purely legislative in nature. [Shapiro v. Essex County Freeholder Bd. 177 N.J. Super. 87, 95 (Law Div. 1980); citation omitted]
The resolution of the Atlantic County Freeholders at issue in this case sets a location for the disposal of all solid waste generated throughout Atlantic County until 1990, and disposal of residuals from resource recovery indefinitely. The resolution enacted by the freeholders meets all of the criteria for *501 "legislative" action set forth in Shapiro. Faced only with the charter law, the inescapable conclusion would be that amendment to the plan is an impermissible subject of a resolution. However, defendant freeholders maintain that the Solid Waste Management Act, N.J.S.A. 13:1E-1 et seq. compels the contrary conclusion. N.J.S.A. 13:1E-23 is a long, detailed statute describing the process and procedures to be used in the adoption of a district solid waste management plan. The statute contains specific instructions to the boards of freeholders regarding their obligations in adopting the plan. The statute requires, among other things, publicly held meetings, transcripts made of those meetings, and observance of detailed advertising requirements. The most important aspect of the statute for the purposes of this matter is that portion which provides:
after the hearing the Board of Chosen Freeholders, .. ., shall, by Resolution, adopt or reject, in whole or in part, the Solid Waste Management Plan for the Solid Waste Management District [N.J.S.A. 13:1E-23(e); emphasis supplied]
The procedure set out in the Solid Waste Management Act is unusual in that it is what defendant labels a "hybrid" procedure. Resolutions are usually nothing more than a legislative expression of opinion on a given subject. See Ex Parte Hague, 104 N.J. Eq. 31 aff'd 104 N.J. Eq. 369 (1929). Generally, there are no requirements regarding publication which must be met prior to adopting a resolution. Nolan v. Witkowski, 56 N.J. Super. 480 (App.Div. 1959), aff'd 32 N.J. 426 (1960). By contrast, ordinances are much more specific in nature and the general rule is that they require notice to the public by publication before passage. See generally Albigese v. Jersey City, 129 N.J. Super. 567 (App.Div. 1974). As defendant points out it is clearly an anomaly that the Solid Waste Management Act permits passage of the plan by resolution while requiring the detailed notice ordinarily associated with passage of ordinances. Defendant argues that because the Solid Waste Management Act so precisely sets out a procedure to be followed, it is clear that the Legislature intended this procedure to control over the previously enacted Optional County Charter Law. While defendant *502 is correct in noting that in cases where statutes conflict the court must determine which statute takes precedence by attempting to glean the intent of the Legislature through legislative history, resort to that arduous process is not necessary in this instance. See Shapiro v. Essex County Board of Chosen Freeholders, 177 N.J. Super. 87, 93 (Law Div. 1980); Monmouth County v. Wissell, 68 N.J. 35 (1975); Asbury Park Bd. of Educ. v. Hoek, 38 N.J. 213 (1962).
The reason that resort to legislative history is not necessary is because defendant's basic premise is factually incorrect. Defendant argues that the Legislature adopted the procedural provisions of the Solid Waste Management Act in 1975 with full knowledge of the facially inconsistent provisions of the Optional County Charter Law, enacted in 1972 and adopted by Atlantic County in 1974. Therefore, defendant argues that the Solid Waste Management Act's procedural provisions were intended to supersede and/or add to the enumerated resolution powers in N.J.S.A. 40:41A-38(a) to -38(p). The error in defendant's argument is that the restrictive language of N.J.S.A. 40:41A-38 was not enacted in 1972, but rather in 1978  three years after the enactment of the Solid Waste Management Act. Presumably, the Legislature is fully aware of all existing laws when it enacts a new statute. Brewer v. Porch, 53 N.J. 167, 174 (1969). The Legislature was aware that while other legislation permitted the use of resolutions, the list contained in N.J.S.A. 40:41A-38 should be the only actions permitted to be adopted by resolution for charter counties. Perhaps the best illustration of this intention is the inclusion of N.J.S.A. 40:41A-38(o), dealing with acts specified as resolutions in the Local Budget Law. The budget law sets forth a detailed procedure for adoption of a local budget. N.J.S.A. 40A:4-4 through -10. In fact, the procedure is very similar to that used in the Solid Waste Management Act. Following defendant's analysis that the amount of detail set forth in the statute should control, subsection (o) would then be rendered unnecessary.
*503 There is no relevant difference for analytic purposes between the language of the Local Budget Law and that of the Solid Waste Management Act. Both statutes speak of the adoption, after public hearing and passage of time, of resolutions by the board of freeholders. Both statutes were in existence at the time of the 1978 amendments to the charter law. The important difference is that the Legislature chose to include the Local Budget Law process in the redrafted section 38, and not to include the Solid Waste Management Act process.
This fact pattern presents an ideal situation for the application of the expressio unius doctrine. Under the doctrine of expressio unius est exclusio alterius, which has been recognized in the New Jersey courts, see Shapiro supra, 177 N.J. Super. at 94; Gangemi v. Berry, 25 N.J. 1, 11 (1957), the mention of one thing usually implies the exclusion of another. As previously noted, the Local Budget Law which was specifically enumerated in the charter law amendment sets out a procedure very similar to that which was enacted under the Solid Waste Management Act. The expressio unius doctrine operates in the following manner. When the Legislature passed the charter law it looked at one particular piece of general legislation with a similar procedure to the Solid Waste Management Act. The Legislature effectively reenacted the budget law procedure by determining that it would continue to apply. This indicates that the Legislature was aware of prior general legislation and deliberately chose to include the Local Budget Law process and not to include the Solid Waste Management Act process.
In addition to the charter law amendment enumerating those matters which can be done by resolution, the charter law further attempts to instruct counties as to the legislation which will control their conduct. N.J.S.A. 40:41A-25. The statute states that counties adopting one of the optional plans shall be governed by the charter law and by general law which is not inconsistent with the charter law. N.J.S.A. 40:41A-26. In defining general law, the statute specifically refers to law *504 which is heretofore or hereafter enacted. N.J.S.A. 40:41A-26. The Solid Waste Management Act is a general law which was, in this case heretofore enacted prior to the amendments to the Optional County Charter Law and which is inconsistent with the charter law. The language of the charter law permits only one conclusion and that is that the procedure of the Optional County Charter Law controls over the contradictory procedure set forth in the Solid Waste Management Act.
Moreover, important policy considerations compel the conclusion that an ordinance is the only proper method for amending the solid waste management plan. The Optional County Charter Law was intended to streamline county government and to create a strong county executive with day-to-day management of the county administration. See Shapiro, supra, 177 N.J. Super. at 95. The freeholders in this form of government perform an essential function as legislators and they are also given the opportunity in numerous instances to act as a check and a balance against potential abuse of power by the county executive. In this case, however, the effect of the freeholders' action in purporting to amend the solid waste management plan of Atlantic County is a significant undermining of the intent of the Legislature in enacting the county executive form of county government. Selection of a landfill site is an important policy matter that involves all the people of the county, and to construe the charter law and the Solid Waste Management Act in order to eliminate the right of the county executive to review and either veto or approve that action is to demean the integrity of the governmental process established by the charter law.
Lastly, the counterclaim filed by defendant seeks no affirmative relief. Rather, the counterclaim seeks dismissal of plaintiffs' claim and preservation of the status quo. It is, therefore, a misdesignation of an affirmative defense of waiver and estoppel. R. 4:5-4 permits the court to consider a misdesignated counterclaim as a properly pleaded affirmative defense. Defendants contend essentially that plaintiff knew that the *505 freeholders were engaged in an extended process of choosing a landfill site and that plaintiff chose to not become involved in the process, despite defendant's invitation to participate. Even assuming arguendo the validity of defendant's contentions, the most that can be said is that the executive acquiesced in or agreed to a course of illegal conduct (the board's adoption of the plan by resolution). A public official or body may not be required, through the doctrine of estoppel, to embark upon or to continue a course of illegal action. See, e.g., Mathesius v. Mercer County Improvement Authority, 177 N.J. Super. 626, 635 (App.Div. 1981); Keenan v. Bd. of Chosen Freeholders of Essex County, 106 N.J. Super. 312 (App.Div. 1969).
Additionally, defendant is unable to establish any of the elements of waiver and estoppel. The most important element, a relinquishment of known rights, is completely absent here. Plaintiffs had actually filed suit ten days before the challenged action actually took place in order to preserve their rights. Plaintiffs knew that because of time restraints defendants would not be able to adopt an ordinance by the December 31, 1984 deadline.
Defendant also claims that plaintiff-Squires waived his right to review the ordinance because he did not participate in the process of formulating the resolution. In other words, the board illogically argues that the executive is estopped from challenging unlawful action because he was not a party to it. The role of the county executive is one of review of legislative action with the duty to approve or veto. N.J.S.A. 40:41A-37(g). The executive's role does not require involvement in the actual process of legislative formulation. The county executive is not required to appear before the freeholders to advocate his position in order to exercise his statutory powers. The executive rather has a statutory obligation which cannot be waived.
The language of the Optional County Charter Law, the rules of construction, including the expressio unius doctrine, and the important policy concerns implicated in selection of a landfill *506 site lead the court to conclude that the proper procedure for Atlantic County to amend its solid waste management plan should be enactment of an ordinance.
The resolution of December 31, 1984 is hereby declared null and void. Defendant must proceed by ordinance to designate a site for disposal of solid waste with Atlantic County in accordance with the terms and conditions of the consent order entered into between the plaintiff-county and the State of New Jersey Department of Environmental Protection.
Plaintiff is ordered to submit an appropriate order pursuant to the five day rule.
NOTES
[1] The initial adoption of the solid waste management plan by resolution raises a question as to the validity of the entire county plan. The issue of probable ratification is also raised due to the subsequent amendment to the county plan by ordinance. These questions were not raised in either the pleadings or arguments before the court and thus are not addressed herein.