NORMAN C. MAYOR *v.* MARIAELANA MAYOR
(6728)

SPALLONE, STOUGHTON and NORCOTT, Js.

Submitted on briefs December 9, 1988—decision released March 14, 1989

*Daniel V. Presnick* filed a brief for the appellant (defendant).

*Mark J. DeGennaro* filed a brief for the appellee (plaintiff).

SPALLONE, J. The defendant appeals challenging an order, changing the name of her minor child, that the trial court included in the judgment dissolving her marriage to the plaintiff.

The plaintiff, Norman C. Mayor, brought this action against his wife, Mariaelana Sparano Mayor, requesting a judgment dissolving their marriage and custody of their minor child, Matthew. The defendant filed a cross complaint, requesting a judgment dissolving the marriage, attorney's fees, custody of the minor child, child support and alimony. The matter was heard as uncontested on December 23, 1987. At the hearing, the plaintiff, over the defendant's objection, requested that the court change the surname of the parties' minor child from Sparano to Mayor. The defendant testified that her son was born on September 29, 1986, and that she gave his name on the birth certificate as Matthew Vincent Sparano. Sparano was the defendant's maiden name. The only other evidence presented to the court was the testimony of the defendant that she listed her

own name on the child's birth certificate as Mariaelana Mayor and that she failed to state the name of the child's father. After brief argument by counsel, the trial court granted the plaintiff's request that the child's surname be changed to Mayor[1] and later included an order to that effect in the judgment dissolving the parties' marriage. This appeal followed.

The question for our consideration is whether, in the context of an action for dissolution of marriage, the trial court had jurisdiction to change the name of the parties' minor child upon the request of one of the parties.[2]

The jurisdiction of our courts is defined by statute and by the Connecticut constitution. Conn. Const., art. V, § 1; *Farricielli* v. *Personnel Appeal Board,* 186 Conn. 198, 210, 440 A.2d 286 (1982). The jurisdiction of Connecticut courts to effect changes of names has been carefully delineated by statute. See General Statutes §§ 52-11 and 46b-1 (6) (jurisdiction of Superior Court over complaints praying for change of name); General Statutes §§ 46b-63, 46b-1 (4) (jurisdiction of Superior Court to grant change of name to either spouse incident to dissolution of marriage); General Statutes § 45-3b (concurrent jurisdiction of Probate Court to

---

[1] The court stated, "I shall order that the child's name henceforth be Matthew S. Mayor."

[2] Although counsel for the defendant did argue against the requested change of name by informing the trial court that "we do not feel that [the name change] should be granted at this time," no jurisdictional challenge was explicitly raised. The defendant's objection that the court was without jurisdiction to change the name of the minor child is made for the first time on appeal. Ordinarily, we decline to review matters that were not distinctly raised at trial. Practice Book § 4185. It is a settled principle of law, however, that a claim of lack of subject matter jurisdiction cannot be waived and may be raised at any time, even on appeal. *Monroe* v. *Monroe,* 177 Conn. 173, 177, 413 A.2d 819, cert. denied, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979); *Broaca* v. *Broaca,* 181 Conn. 463, 468, 435 A.2d 1016 (1980). We therefore address the jurisdictional question presented, despite the parties' failure to raise it in the trial court.

grant changes of name); General Statutes § 45-66a
(jurisdiction of Probate Court to change the name of
an adopted person incident to approval of agreement
to adopt or declaration of intention to adopt). The stat-
utes that are relevant to our analysis of the jurisdic-
tional question presented in this case are §§ 52-11, 46b-1
(4) and (6), and 46b-63.[3] We conclude, on the basis of

[3] "[General Statutes] Sec. 52-11. COMPLAINTS FOR CHANGE OF NAME. The
superior court in each judicial district shall have jurisdiction of complaints
praying for a change of name, brought by any person residing in the judi-
cial district, and may change the name of the complainant, who shall there-
after be known by the name prescribed by said court in its decree."

"[General Statutes] Sec. 46b-1. FAMILY RELATIONS MATTERS DEFINED.
Matters within the jurisdiction of the superior court deemed to be family
relations matters shall be matters affecting or involving: (1) Dissolution
of marriage, contested and uncontested, except dissolution upon convic-
tion of crime as provided in section 46b-47; (2) legal separation; (3) annul-
ment of marriage; (4) alimony, support, custody and change of name incident
to dissolution of marriage, legal separation and annulment; (5) actions
brought under section 46b-15; (6) complaints for change of name; (7) civil
support obligations; (8) habeas corpus and other proceedings to determine
the custody and visitation of children; (9) habeas corpus brought by or in
behalf of any mentally ill person except a person charged with a criminal
offense; (10) appointment of a commission to inquire whether a person is
wrongfully confined as provided by section 17-200; (11) juvenile matters
as provided in section 46b-121; (12) all rights and remedies provided for
in chapter 815j; (13) the establishing of paternity; (14) appeals from pro-
bate concerning: (a) Adoption or termination of parental rights; (b) appoint-
ment and removal of guardians; (c) custody of a minor child; (d) appointment
and removal of conservators; (e) orders for custody of any child; (f) orders
of commitment of persons to public and private institutions and to other
appropriate facilities as provided by statute; (15) actions related to prenuptial
and separation agreements and to matrimonial decrees of a foreign juris-
diction; (16) custody proceeding brought under the provisions of chapter
815o; and (17) all such other matters within the jurisdiction of the superior
court concerning children or family relations as may be determined by the
judges of said court."

"[General Statutes] Sec. 46b-63. (Formerly Sec. 46-60). RESTORATION OF
BIRTH NAME OR FORMER NAME OF SPOUSE. (a) At the time of entering a
decree dissolving a marriage, the court, upon request of either spouse, shall
restore the birth name or former name of such spouse. (b) At any time after
entering a decree dissolving a marriage, the court, upon motion of either
spouse, shall modify such judgment and restore the birth name or former
name of such spouse."

our review of these statutes, that the Superior Court did not have jurisdiction to effect a change of name of a nonparty minor child incident to the dissolution of a marriage.

We note initially that no statute is addressed specifically to the jurisdiction of the Superior Court to change the name of a minor child. General Statutes § 52-11, however, confers jurisdiction upon the Superior Court to effect changes of name generally. Section 52-11 provides that "[t]he superior court . . . shall have jurisdiction of *complaints praying for a change of name,* brought by any person residing in the judicial district, and may change the name of *the complainant . . . .*" (Emphasis added.) The jurisdiction of the Superior Court in family relations matters is expressly defined in § 46b-1 (6) as extending to *"complaints* for change of name." (Emphasis added.) These statutes are consistent in expressly limiting the court's jurisdiction to change a name to the situation in which the interested individual petitions the court for the change by filing a complaint. When the words of a statute are plain and unambiguous, we need look no further for interpretive guidance because we assume that the words themselves express the intention of the legislature. *Capalbo* v. *Planning & Zoning Board of Appeals,* 208 Conn. 480, 486, 547 A.2d 528 (1988); *Nicotra Wieler Investment Management, Inc.* v. *Grower,* 207 Conn. 441, 451, 541 A.2d 1226 (1988); *State* v. *Champagne,* 206 Conn. 421, 428, 538 A.2d 193 (1988); *Rhodes* v. *Hartford,* 201 Conn. 89, 93, 513 A.2d 124 (1986); *Lundgren* v. *Stratford,* 12 Conn. App. 138, 142, 530 A.2d 183, cert. denied, 205 Conn. 808, 532 A.2d 76 (1987). We will not assume that the statutory language granting the court jurisdiction of *"complaints* praying for a change of name" is meaningless or superfluous. (Emphasis added.) See *Gill* v. *Petrazzuoli Bros., Inc.,* 10 Conn. App. 22, 31, 521 A.2d 212 (1987). It is apparent from

the clear words of §§ 52-11 and 46b-1 (6) that the legislature contemplated that a court should effect a change of name only in the context of an action brought for that purpose by the person desiring the change of name. We note that procedures for the initiation and prosecution of such an action on behalf of a minor child are set forth in Practice Book § 105.[4] On the basis of the express terms of §§ 52-11 and 46b-1 (6), we conclude that the trial court was without jurisdiction to change the name of a nonparty minor child incident to the dissolution of the parents' marriage.[5]

Our conclusion is supported by the fact that, when the legislature has seen fit to confer jurisdiction upon a court to change a name incident to its exercise of jurisdiction in the context of a proceeding other than one brought pursuant to § 52-11 or § 45-3b, it has expressly done so. General Statutes §§ 46b-1 (4) and 46b-63[6] give the court the power to change the name of either spouse incident to the dissolution of a marriage. General Statutes § 45-66a gives the Probate Court jurisdiction to change the name of an adopted person as part of its approval of an agreement of adoption or declaration of intention to adopt. In examining the various statutes concerning changes of name, we must consider

---

[4] "[Practice Book] Sec. 105. CHANGE OF NAME BY MINOR CHILD

"In all proceedings for change of name under Gen. Stat., § 52-11, brought by a minor child through his next friend, the parents of such child, not named as next friend, shall be necessary parties and shall be cited in, in such manner as shall be ordered by the court or a judge thereof."

[5] At least one other court that has addressed the same jurisdictional issue has taken the same view. See *Hurta* v. *Hurta*, 25 Wash. App. 95, 605 P.2d 1278 (1979) (order changing minor child's name following father's petition for modification of dissolution decree, vacated; statute required filing of application for change of name).

[6] General Statutes § 46b-63 was recently amended by Public Acts 1988, No. 88-364, § 90, to permit the court to change the name of *either* spouse, not just the wife. We note that, if the legislature had wished to grant the court jurisdiction to change the name of a minor child of the parties to a dissolution action, it could have done so.

the statutory scheme as a whole. *Berger* v. *Tonken,* 192 Conn. 581, 589, 473 A.2d 782 (1984). Where more than one statute is involved, we presume that the legislature intended them to be read together to create a harmonious body of law. *Berger* v. *Tonken,* supra; *Blue Cross & Blue Shield of Connecticut, Inc.* v. *Mike,* 184 Conn. 352, 362, 439 A.2d 1026 (1981); *Heffernan* v. *Slapin,* 182 Conn. 40, 46, 438 A.2d 1 (1980); *Frazier* v. *Manson,* 176 Conn. 638, 642, 410 A.2d 475 (1979). Having examined all the statutes bearing on changes of name, we conclude that the legislature did not choose to grant the court jurisdiction to effect changes in the names of nonparty minor children incident to dissolutions of parents' marriages. A parent who wishes to effect a change of name for a minor child in the Superior Court must invoke the court's jurisdiction by proceeding under § 52-11 and must comply with the procedures established by Practice Book § 105.

There is error, that part of the judgment ordering a change of name of the minor child is set aside and the case is remanded with direction to render judgment denying the request to change the minor child's name.

In this opinion the other judges concurred.