241 N.J. Super. 304 (1990)
574 A.2d 1036
MARIA VIOLA (FORMERLY MARIA FUNDRELLA), PLAINTIFF,
v.
MELVIN FUNDRELLA, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Atlantic County.
January 11, 1990.
*305 Max Baker, attorney for plaintiff.
Dianna R. Williams, (Bennington & Williams) attorney for defendant.
WINKELSTEIN, J.S.C.
The plaintiff, Maria Viola, formerly Maria Fundrella, and the defendant, Melvin Fundrella, were married on April 29, 1984. This was the second marriage for the defendant, and the first marriage for the plaintiff. On January 28, 1986 a child, Nicole, was born. The parties separated in August 1987 and a final judgment of divorce was entered on October 3, 1989. As a provision of the final judgment of divorce, plaintiff was entitled to resume the use of her maiden name, Maria Catherine Viola.
By motion dated November 28, 1989, the plaintiff sought an order, inter alia, changing the surname of the minor child from Fundrella to Viola.
The issue to be decided is a narrow one: May a minor's surname be changed by motion in a matrimonial action? I conclude that there is no statutory authority to change the surname of a minor child by motion. The proper procedure to follow is to initiate a complaint pursuant to N.J.S.A. 2A:52-1 and R. 4:72-1.
At the time of final judgment of divorce, the plaintiff was allowed to resume her maiden name. Such action is authorized by N.J.S.A. 2A:34-21 which provides as follows: "The Court, upon or after granting a divorce from the bonds of matrimony *306 to either spouse, may allow either spouse to resume any name used by the spouse before the marriage, or to assume any surname." The statute, recently amended, (L. 1988, c. 153, § 2) is silent concerning the name change of a minor.
The authority to change a surname other than that of a party to a divorce proceeding is set forth in N.J.S.A. 2A:52-1 and R. 4:72. Pursuant to N.J.S.A. 2A:52-1, the action must be instituted by a complaint which must contain certain information. The complaint must disclose whether the applicant has been convicted of a crime, if there are criminal charges pending, and if there are, it must provide details of same. A copy of the complaint, whether or not citing a prior conviction or pending charges, is to be served upon both the Attorney General and the county prosecutor.
R. 4:72 contains additional requirements.[1] The application must state that it is not made with the intent to avoid creditors, or criminal prosecution, nor for any other fraudulent purpose. It requires the plaintiff to state whether he or she has been convicted of a crime during the last 10 years and if there are pending charges, to provide the circumstances of same with sufficient particularity to allow the prosecutor to identify the matter. If there are convictions, it must detail the circumstances. R. 4:72-2, which expressly contemplates actions on behalf of minors, provides that such an action may be commenced by the parent without appointment of a guardian ad litem. R. 4:72-3 provides that the court, by order, shall fix a date for a hearing, that notice of the application be published once, at least two weeks preceding the date of the hearing in a newspaper of general circulation in the county of plaintiff's residence, and provides that in the case of an infant, notice be served upon nonparty parents. R. 4:72-4 requires that on the date fixed for *307 a hearing, the court may, if satisfied that there is no reasonable objection to the assumption of another name, authorize the entry of judgment. There must then be publication of same and a certified copy is to be filed with the Secretary of State. A motion would entail none of these requirements.
Plaintiff argues that since the application is to change the name of an infant, it is not necessary to comply with service upon the Attorney General or the prosecutor, since juveniles cannot be guilty of crimes. N.J.S.A. 2A:4A-23
However, even though N.J.S.A. 2A:52-1 and R. 4:72 refer to criminal charges, and delinquent acts are not criminal charges, the policy reasons for providing law enforcement authorities notice of a name change would still apply. It may be just as important to the law enforcement authorities to know that a juvenile is changing his or her name if there are pending charges or a prior history of delinquency, as it may be to have the same information with regard to adults who have been convicted of crimes or have pending criminal charges. This notice may not be available, or at least not mandated, if the action is brought by motion.
The defendant argues that when the matter is brought about by motion, and not by complaint, defendant may be deprived of his right to a hearing. Although R. 1:6-6 permits the court to take testimony prior to deciding a motion, R. 4:72 requires a hearing if an objection is filed. By bringing the matter by motion the plaintiff would, in essence, be changing what is tantamount to a mandatory hearing requirement upon the filing of an objection, to a hearing that would be discretionary with the court.
Finally, even if the issues of adequate notice and a hearing could be addressed by serving the Attorney General and prosecutor with the motion and providing them an opportunity to be heard, there is a more compelling reason for holding that such a name change may not be instituted by motion. There is no statutory authority to do so.
*308 Although amended as recently as 1988, N.J.S.A. 2A:34-21 fails to make reference to changing the surname of a child of a marriage. It is limited to a name change of a spouse. Had the Legislature chosen to include the change of an infant's surname as part of a divorce proceeding, it could have done so. By implication, the Court finds that it chose to limit the application of N.J.S.A. 2A:34-21 to spouses.[2]Squires v. Atlantic Cty. Freeholder Bd. 200 N.J. Super. 496, 503, 491 A.2d 823 (Law Div. 1985) Thus, N.J.S.A. 2A:52-1 is the only remaining statute governing a change of surname for anyone other than a spouse in a divorce proceeding.
Plaintiff properly points out that R. 5:1-2(a) provides that "All civil actions in which the principal claim is unique to and arises out of a family or family-type relationship shall be brought in the Family Part." Clearly, the question of the surname of a minor child born to the parties of a marriage is a claim arising out of a family relationship. Such a matter does belong in, and is most appropriate to, the Family Part. However, the fact that the matter may be brought in the Family Part does not provide authority to change the name of the infant by any means other than the filing of a complaint. R. 5:1-2(a) must be read in pari materia with R. 4:72.
This opinion respectfully differs with the opinions expressed in Sobel v. Sobel, 46 N.J. Super. 284, 134 A.2d 598 (Ch.Div. 1957) and W. v. H., 103 N.J. Super. 24, 246 A.2d 501 (Ch.Div. 1968). Both cases were decided before N.J.S.A. 2A:52-1 was amended to provide for notice to the Attorney General and the county prosecutor and R. 4:72-1 was amended to add the requirements of (a), (b) and (c).
*309 In summary, the Court holds that the plaintiff may not seek to change the name of her minor child by filing a motion in the divorce action. Application must be brought pursuant to N.J.S.A. 2A:52-1 and R. 4:72. Therefore, that portion of the motion seeking to change the name of Nicole Fundrella to Nicole Viola is dismissed. The dismissal is without prejudice to the plaintiff to bring the appropriate action by complaint as is more fully set forth above.
NOTES
[1] R. 4:72 is applicable to the Family Part by virtue of R. 5:1-1 which provides that proceedings in the Family Part are governed by Part IV, unless otherwise specifically provided by Part V. Pressler, Current N.J. Court Rules, Comment R. 5:1-1 (1990).
[2] This should not be construed to mean that in a divorce action, a separate count for change of name of the child of the parties could not be included in the complaint, provided the requirements of N.J.S.A. 2A:52-1 and R. 4:72 have been met. This issue is not before the court and no opinion as to its propriety is given.