[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action to establish the paternity of a child born to the petitioner on April 27, 1991 and other relief came to this court on August 20, 1991 and thence to the present time when the parties appeared and were heard.
The court having heard the parties finds the defendant is guilty as alleged in the complaint and further finds this defendant is the father of the plaintiff's said child, and stands liable for his support and maintenance with the assistance of the mother at such time and from such time as she shall be financially able. Support and maintenance to October 11, 1991 owed by the defendant is found to be $1,437.72 as of October 11, 1991. This sum shall be paid to the plaintiff petitioner within six months of the date of this judgment.
Defendant respondent is to pay to the plaintiff $82.00 per week for the child's support until he reaches age eighteen. This is to be accomplished by immediate wage execution.
Custody of the minor child is to remain with the plaintiff.
Reasonable rights of visitation are granted to the father, but in view of the child's infancy and present need of maternal care in these early months of life, this visitation is fixed as the fourth Saturday of the month between 2 and 5 p. m. at the home of the defendant father's parents, and so long as the paternal grandmother is present need not be under the plaintiff's supervision.
Defendant's request to change the child's last name to his is not acted upon, the court having determined it is without jurisdiction to entertain this request in this proceeding. Such a request must be brought in a separate proceeding to which the child is a party by a person authorized to do so. See Mayor v. Mayor,17 Conn. App. 627, 632; Section 52-11 Conn. Gen. Stat.; P.B. Section 105.
Although in a paternity proceeding the child is the subject of the dispute, he is not a party to it unless he has been joined as a party plaintiff or defendant. While it is true, as the defendant asserts, that provision of Section 45a-606 of the General Statutes give the father powers of a joint guardian of the child once paternity is acknowledged and adjudicated, if he seeks to change the surname of the child to his, that can only occur in a CT Page 10094 proceeding brought in the child's name to which the child is a party.
The court at trial requested the defendant to cite the legal authority by which he claimed a court could grant the change of name relief and the defendant did so by brief. The court pointed out at trial that it could find no express authority in Chapter 815y of the General Statutes to grant such relief. Section 7-50 of the General Statutes governs the contents of birth certificates. Insofar as it applies here, it provides that after an adjudication of paternity that the father's name and the child's surname be recorded on the birth certificate, but it does not authorize that the child's name might be changed to the father's surname, nor does it "mandate" such a change, in a case to which the child is not a party.
FLYNN, J.