604 A.2d 693

TONI BASILE, PLAINTIFF, v. MATTHEW BASILE, DEFENDANT.

Superior Court of New Jersey
Chancery Division Family Part
Hudson County

Decided January 8, 1992.

*Lonny Hirsh* for plaintiff (*Lonny Hirsh,* Attorney).

*Charles F. Krause,* III for defendant (*Krause & Krause,* Attorneys).

HEALY, J.S.C.

The parties to the action are married and were separated at all times pertinent to this action. They are the natural parents of a female child born May 26, 1991 named Danielle Killot. "Killot" is the mother's maiden name.

On January 6, 1992, Toni Basille, brought a complaint pursuant to the *Prevention of Domestic Violence Act of 1990, L.* 1991 *c.* 261, alleging that her estranged husband was harassing her and had threatened to kill her. A temporary restraining order was issued on January 8, 1992 prohibiting the defendant from future acts of domestic violence, prohibiting any future contact with the plaintiff or plaintiff's family, granting plaintiff exclusive possession of their marital home, and granting temporary custody of the parties' child to plaintiff. The final hearing was scheduled for January 16, 1992. At the final hearing the defendant appeared, contested the plaintiff's allegations of domestic violence and counterclaimed against the plaintiff requesting the court to order that the parties' child formally take the defendant father's surname, Basile.

The court made a finding of domestic violence by the defendant, and consequently the previously issued temporary restraining order was made final with modifications providing for visitation and child support. The court reserved decision on defendant's counterclaim. This opinion is issued in explanation and support of the court's ruling on the counterclaim.

*N.J.S.A.* 2A:52–1 and *R.* 4:72–1 provide an action at law for the change of a name. These two provisions set forth the requirements that must be satisfied before a judgment changing the name of an individual can be entered. Included in those requirements are the necessary elements in a complaint for a change of name, such as the plaintiff's age, a statement that the application is not made with the intent to avoid creditors or criminal prosecution, and whether the applicant has been convicted or charged with a crime. *R.* 4:72–1. In addition, "[s]ervice of a copy of the complaint, whether or not citing a prior conviction or pending charges, shall be made upon the Attorney General, the county prosecutor of the county where the action is filed, and, if applicable, upon the prosecutor of in which the applicant was previously convicted of a crime or in which charges against him (*sic*) are pending for such response as they may deem appropriate." *N.J.S.A.* 2A:52–1. Without the satisfaction of these requirements, or some authority excepting the applicant from the requirements or providing an alternate procedure for the applicant, a judgment changing the plaintiff's name can not be entered. *Viola v. Fundrella,* 241 *N.J.Super.* 304, 574 *A.*2d 1036 (Ch.Div.1990). The counterclaim in the instant action does not include any of the necessary requisites prescribed in *N.J.S.A.* 2A:52–1 and *R.* 4:72–1, but was merely an oral request made during argument at the hearing.

The *Prevention of Domestic Violence Act of 1990* (hereinafter the *Domestic Violence Act*) *L.* 1991 *c.* 261, is the sole and exclusive authority for the Superior Court when hearing domestic violence complaints. Although the *Domestic Violence Act* provides the court with broad authority to handle issues surrounding an allegation and/or finding of domestic violence, it is the opinion of this court that said authority cannot be considered broad enough to include a change of name proceeding. Section 13b of the *Prevention of Domestic Violence Act of 1991* sets forth an exhaustive list of the remedies available to a judge of the Family Part of the Chancery Division of the

Superior Court hearing a complaint under the *Domestic Violence Act.*

At paragraph (14) of section 13b, the *Domestic Violence Act* provides that the judge may grant

> An order granting any other appropriate relief for the plaintiff and dependent children, provided that the plaintiff consents to such relief, including relief requested by the plaintiff at the final hearing, whether or not the plaintiff requested such relief at the time of the granting of the initial emergency order. *L.* 1991 *c.* 261 *sec.* 13b (14)

While this provision may allow the judge to enter an order changing a name in another instance (depending upon the interpretation of "appropriate" which the court does not reach in this case), it clearly does not permit the entry of the defendant's requested judgment here. The requested judgment for change of name brought by the defendant and opposed by the plaintiff is simply not "relief for the plaintiff ... that the plaintiff consents to...."

In conclusion, the court holds that the defendant's counterclaim for change of the minor's name is hereby denied because defendant has not complied with the requirements of *N.J.S.A.* 2A:52–1 and *R.* 4:72–1, and because this court is without other statutory authority to grant defendant's requested relief absent the satisfaction of the requirements of *N.J.S.A.* 2A:52–1 and *R.* 4:72–1.