(939 P.2d 970)

No. 75,837

In the Matter of the Marriage of DIANA I. KILLMAN a/k/a DIANA I. BOCK, *Appellant*, and KURT KILLMAN, *Appellee*.

Opinion filed May 23, 1997.

*Molly M. Wood*, of Legal Aid Society of Topeka, for the appellant.

*Doug Thompson*, of Thompson Law Office, of Abilene, for the appellee.

Before BRAZIL, C.J., LEWIS, J., and JOHN ANDERSON III, District Judge, assigned.

ANDERSON, J.: Diana I. Bock, f/k/a Diana I. Killman, appeals from the district court's ruling changing her minor child's name as part of her decree of divorce. We reverse and remand.

Petitioner filed for divorce on April 11, 1995. The only child of the marriage, Brendan Ross Bock, was 8 months old at the time. Respondent Kurt Killman answered, admitting the child's name was Brendan Ross Bock. No counterpetition was filed. A hearing was held on August 23, 1995, at which the only contested matter was the child's last name. Respondent testified that although he signed the child's birth certificate which indicated the child's name was Brendan Ross Bock, he and petitioner had disagreed over which last name to give the child and he had wanted to give Bren-

dan his last name. Petitioner was not present at the hearing but was represented by counsel.

The district court found that it had jurisdiction over the issue of the child's name because it had jurisdiction over the child's custody. The district court ruled that "[c]onvention dictates the child should assume the name of the father and therefore this Court orders that the minor child's name be Brendan Ross Killman."

Petitioner argues that the district court lacked statutory authority for its order, that it did not have personal jurisdiction over the child, and that the issue was not properly before the court.

Whether there is jurisdiction is a question of law, and an appellate court is free to substitute its judgment on a question of law for that of the trial court. See *City of Chanute v. Polson*, 17 Kan. App. 2d 159, 160, 836 P.2d 6 (1992).

First, petitioner argues there was no statutory authority allowing the name change. K.S.A. 1996 Supp. 60-1610 provides, in pertinent part: "A decree in an action under this article may include orders on the following matters . . . ." Subsection (a), covering minor children, includes the matters of support, education, custody, and residency. The district court ruled that it had the jurisdiction to change the child's name because K.S.A. 1996 Supp. 60-1610 gave it the power to determine custody. K.S.A. 1996 Supp. 60-1610 is silent in regard to the names of minor children. In contrast, subsection (c)(1) specifically authorizes the court, upon request, to order the restoration of either spouse's former name.

Interpretation of a statute is a question of law upon which this court has unlimited review. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

" 'One of the more common rules of statutory interpretation is that expressed in the Latin maxim *expressio unius est exclusio alterius, i.e.*, the mention or inclusion of one thing implies the exclusion of another. This rule may be applied to assist in determining actual legislative intent which is not otherwise manifest, although the maxim should not be employed to override or defeat a clearly contrary legislative intention. [Citations omitted.]' " *State v. Luginbill*, 223 Kan. 15, 20, 574 P.2d 140 (1977).

It can be argued that the inclusion of a change of name provision for either party, together with the exclusion of any such provision

for children, is evidence that the legislature did not intend K.S.A. 1996 Supp. 60-1610 to provide the court with such authority.

Other jurisdictions are divided on this issue. Jurisdictions which have allowed a change of name incident to divorce generally have had statutory features which distinguish them from Kansas. Illinois, for example, has ruled that a divorce court has subject matter jurisdiction over a child's name as a matter incident to custody of the child. *In re Marriage of Presson*, 102 Ill. 2d 303, 306, 465 N.E.2d 85 (1984). *Presson* based this decision upon the Illinois change-of-name statute, which provided that a petitioner could include his or her minor children in a change-of-name petition if the change was in their best interest. That statute also required that the affidavit for a change of name of a minor, as well as the notice of name change, be signed by the parent or guardian having legal custody of the child. 102 Ill. 2d at 307. The Kansas change of name statutes, K.S.A. 60-1401 *et seq.*, do not specifically provide for changing the names of minors, but a panel of this court has ruled that a change of name is available if the action is brought by a next friend. *In re Application to Change Name*, 10 Kan. App. 2d 625, Syl. ¶ 1, 706 P.2d 480 (1985). This is distinguishable from the parent or guardian requirement of Illinois in that the change of a minor's name is not necessarily an incident of custody.

Nebraska has also held that a divorce court has jurisdiction over a change of minor children's names. *Cohee v. Cohee*, 210 Neb. 855, 860, 317 N.W.2d 381 (1982). The *Cohee* court relied upon its statute which gives the court authority to " 'include such orders in relation to any minor children and their maintenance as shall be justified' " as well as its equity jurisdiction in allowing the change of a child's surname in a dissolution action. 210 Neb. at 860 (quoting Neb. Rev. Stat. § 42-364 [1978]).

Colorado has also ruled that a court handling the dissolution of a marriage has the power to order a change of the parties' minor child's name. *In re Marriage of Nguyen*, 684 P.2d 258 (Colo. App. 1983), *cert. denied* 469 U.S. 1108 (1985). The Colorado Court of Appeals reasoned in *Nguyen* that Colorado's statutory name change provision did not eliminate the common-law method for change of name. The *Nguyen* court noted that Colorado courts

routinely restore the wife's former name upon request at dissolution although this was not specifically provided for in its Dissolution of Marriage Act. This is different than the situation in Kansas. The Colorado court also noted that the great procedural safeguards attendant to a divorce and the breadth of the trial court's consideration of the family relationship supported the change of a minor's name in such a proceeding. 684 P.2d at 260.

In Kansas, generally, a husband and a wife are the only proper parties to a divorce action. *Breidenthal v. Breidenthal*, 182 Kan. 23, 28, 318 P.2d 981 (1957). Petitioner notes that the issues pertaining to minor children in K.S.A. 1996 Supp. 60-1610 are those which peculiarly belong to the two adult parties. Nevertheless, jurisdictions which have given the courts the authority to change a minor child's name as part of a divorce action have considered the court's power to do so incidental to its jurisdiction of custody of the child. See, *e.g., In re Marriage of Gulsvig*, 498 N.W.2d 725, 728 (Iowa 1993); *In re Marriage of Presson*, 102 Ill. 2d at 307. Thus, the question of personal jurisdiction is not at the heart of the matter.

Iowa is the state with the closest similarity to Kansas law in allowing a change of a minor's name incident to a divorce action. Iowa also has a dissolution statute which does not specifically provide for change of a minor's name, yet the Iowa Supreme Court has ruled that authority to change a child's name may be inferred. *In re Marriage of Gulsvig*, 498 N.W.2d at 728. The *Gulsvig* court based this decision on the broad discretion given the court by statute to determine custody and physical care of the child, holding that an infant child's name is an incident of the child's legal status. We find this reasoning persuasive and adopt the Iowa rule that the court does have the inferred authority to change a child's name in divorce proceedings.

Respondent's answer to the petition did not raise any counterclaims regarding the child's name, and no counterpetition was filed. The pleadings should present the question to be decided in the case. *Sheridan County Comm'rs v. Acre*, 160 Kan. 278, 284, 160 P.2d 250 (1945). This was not done in the instant case and, tech-

nically, the issue of the child's name was not properly before the court. K.S.A. 60-215(b), however, provides in part:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

Petitioner did not object to the district court determining the issue of the child's name, and her attorney seemed adequately prepared to argue the issue at the hearing. Accordingly, petitioner cannot now complain that the issue was not properly before the court. See, *e.g.*, *Forster v. Fink*, 195 Kan. 488, Syl. ¶ 2, 407 P.2d 523 (1965).

Petitioner next argues that the district court abused its discretion in failing to consider the interests of the parents as well as the best interests of the child. See *In re Application to Change Name*, 10 Kan. App. 2d at 628-29 ("[W]e hold that in exercising the discretion implicit in deciding whether a reason for a name change has been shown [K.S.A. 60-1402], the court considering the proposed name change for a child should also consider the interests of the parents and the best interests of the child.").

The sole reason given by the court for the name change was that convention dictated that the child be given his father's surname. This antiquated view has faced criticism recently. In *Gulsvig*, 498 N.W.2d at 729, the Iowa Supreme Court agreed with the holding of other jurisdictions that the presumption that a child bear the surname of his father is outdated and rejected it. See *Cohee*, 210 Neb. at 857; *In re Marriage of Schiffman*, 28 Cal. 3d 640, 642-43, 169 Cal. Rptr. 918, 620 P.2d 579 (1980).

Even if this court were to determine that the convention of giving a child his or her father's surname is valid to some extent, the district court failed to consider the interests of the mother, as well as the child, on the record, as required by *In re Application for Change of Name*, 10 Kan. App. 2d 625. Discretion must be exercised, not in opposition to, but in accordance with, established principles of law. *State v. Richard*, 252 Kan. 872, 882, 850 P.2d

844 (1993). Accordingly, the district court abused its discretion in changing the child's name. This case must be remanded for such considerations.

Reversed and remanded.

BRAZIL, C.J., concurring and dissenting: I concur with the majority's determination that the trial court had jurisdiction and that this matter should be remanded for rehearing. However, I respectfully dissent from the majority's conclusion that the trial court had jurisdiction to change the name of the minor child.

Clearly, K.S.A. 1996 Supp. 60-1610 does not confer upon the court the authority to change the names of minor children of the marriage. In fact, the inclusion of a change of name provision for either party, together with the exclusion of any such provision for children and the absence of any supporting case law in Kansas, strongly militates against such a conclusion.

The majority relies on *In re Marriage of Gulsvig*, 498 N.W.2d 725, 728 (Iowa 1993). However, the Iowa court did not consider the principle of *expressio unius est exclusio alterius*.

Other jurisdictions have not allowed a name change of a minor child in dissolution proceedings. See, *e.g., Mayor v. Mayor*, 17 Conn. App. 627, 554 A.2d 1109 (1989). Connecticut, like Kansas, statutorily allows for the change of either spouse's name incidental to dissolution of marriage in addition to its general change of name statute. 17 Conn. App. at 629-30. The court noted that the general nature of the change of name statute compared to the specific language of the dissolution statute limiting the change of name to a party in holding that the legislature had clearly intended to allow only a change of a party's name incidental to divorce. See also *Lone Wolf v. Lone Wolf*, 741 P.2d 1187, 1192 (Alaska 1987) (minor child is not a party to divorce proceeding); *Viola v. Fundrella* 241 N.J. Super. 304, 308, 574 A.2d 1036 (1990) (no reference to changing surname of child in dissolution statute implies no legislative intent); *In re Marriage of Hurta*, 25 Wash. App. 95, 96, 605 P.2d 1278 (1979) (no provision in dissolution statutes for change of a child's name).

Our court has recognized that a minor may file a petition, through a next friend, to obtain a change of name pursuant to K.S.A. 60-1401 *et seq. In re Application to Change Name*, 10 Kan. App. 2d 625, 706 P.2d 480 (1985).

The existence of this statutory authority is yet another reason why the court should not infer jurisdiction under K.S.A. 1996 Supp. 60-1610.

I would find that the trial court lacked jurisdiction to change the minor's name in this divorce action.